[No. 4,048.]

## JOHN F. CUTTER *v.* M. J. HARDY, C. P. MOORMAN, SUSAN E. HARDY, LUCY F. CUTTER, KATE H. GAGE, C. M. GAGE, MARY C. CUTTER, WILLIAM P. CUTTER AND SALLIE H. CUTTER.

CONSTRUCTION OF WILL.—C., in his will, devised a portion of his property to trustees in trust, to be held and managed for the benefit of a son, in such manner as the trustees should judge for the interest of the son; and to pay over to the son such part of the income as they might think best, until he arrived at the age of thirty years, and then, if they thought he possessed such habits of prudence and economy as to render it proper, to transfer it to him, but otherwise to retain it in trust, and still manage it for his benefit; and at his decease, if still in their hands, to transfer it to his heirs:

*Held*, that the son, by the devise, took no interest in the property which he could assert in an action against the trustees, even after he arrived at the age of thirty years, and that the title to the property vested in the trustees.

*Held*, further, that the trust was valid in law, and that its duration could not extend beyond the life-time of the son, and might terminate sooner, if, in the opinion of the trustees, it was prudent to transfer the property to the devisee.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

John H. Cutter, a resident of New Hampshire, was, and had been for many years, the owner of a trade-mark used to designate a certain brand of Bourbon Whisky, which was sold by him throughout the United States. On the 29th day of October, 1859, he made a will, in which he nominated executors, and also appointed three trustees. After several special devises, he made the following general devise:

"All the rest, residue and remainder of my estate, personal, real and mixed, I give, devise and bequeath in manner following, to wit: two nineteenths thereof to my son, William P. Cutter, his heirs and assigns forever; fifteen nineteenths thereof to my five daughters, each an equal proportion, and to their heirs and assigns forever; and the other two nineteenths thereof to my said trustees, in trust, to be held, invested and managed for the benefit of my son, John F. Cutter, in such manner as they shall judge to be most for the interest of my said son, until he shall arrive at the age of thirty years, and to pay over to him or expend for him the income, or such part thereof as said trustees shall deem necessary or suitable until he shall arrive at the age of thirty years; and then I desire and direct my said trustees to pay over and transfer to him the said two nineteenths, and the increase, if any thereof, if in their judgment and belief the said John shall be in a condition, and possess such habits of industry, prudence and economy, as to render it suitable, proper and expedient that he shall have the control and management of his own property, to hold to said John, his heirs and assigns; but if my said trustees should be of a different opinion and belief, I hereby order and direct them to retain the said share of the said John, still in trust for him, and the same to invest and husband, and of the income, principal and estate to pay to him and transfer to him, in part or wholly, as they shall judge to be for the best interest of my said son, in accordance with justice and prudence, and considering his habits, capacity and prospects in life. The foregoing portion, put in trust for my said son, John F., is for him, his heirs and assigns,

subject to the trust; and at his decease, if still in the hands of the trustees, to be paid and transferred to his heirs and legal assigns.

"I empower the survivor or survivors of my said trustees, to act in all the matters of trust herein contained, if any one or more of them shall decease.

"In testimony whereof, I hereunto set my hand and seal, and publish and declare this to be my last will and testament, in the presence of the witnesses named below, this 29th day of October, in the year of our Lord, 1859.

           "JOHN H. CUTTER, [SEAL.]"

The testator died on the 7th day of July, 1860. The plaintiff was twenty-two years old at the time of the death of his father, and was thirty-three years old when this suit was commenced, to-wit: in 1871. The will was probated and letters issued to the executors, and the administration was closed, and the executors discharged, before this action was commenced. The plaintiff averred in his complaint that defendants Hardy and Moorman were the trustees appointed in the will; that the trade-mark was a part of the assets of the estate, and that the trustees had seized on the trade-mark, and had been, since the death of the testator, and then were, using the same, and that they excluded him from all profits arising from the enjoyment of it, and were appropriating to their own use the profits arising therefrom, and that the annual profits arising from the use of the same were twenty-five thousand dollars. He asked that said defendants account to him for two nineteenths of the profits they had realized. The other defendants were heirs, and were made defendants under an allegation in the complaint that the plaintiff had requested them to join with him as plaintiffs, and they had refused. On the trial, when the plaintiff had rested, the Court granted a nonsuit. The plaintiff appealed.

  *W. H. Rhodes*, for the Appellant.

The trust became an executed one in Cutter, at the age of thirty years. (2 Wash. on Real P. p. 436; 3d Ed. 169–70; 2 Flint R. Prop. 802.)

The executory devise, made dependent on the will or opinion of the trustees, is void. Cutter took the fee, or the whole interest at the age of thirty years. (4 Kent Com. 271, note *a; Hone* v. *Van Schaik,* 7 Paige, 221; 20 Wend. 564; *Yates* v. *Yates,* 9 Barb. 347; *Kevy* v. *Rundle,* 15 Barb. 139.)

The direction for accumulation of the rents and profits or income, is void by our statutes. (1 Civil Code, 218, Art. 724, 225; *Boynton* v. *Hoyt,* 1 Denio, 53.)

The trust would be void at common law, and executed, under the Statute of Uses, of Henry VIII. (1 Preston on Estates, 190; 1 Horne & H. Rep. 389; 4 Kent Com. 304, note *c.*)

*A. Campbell* and *W. H. Patterson,* for the Respondents.


By the COURT:

The answer denies that the trade-mark in controversy has, at any time, been part of the assets of the estate of J. H. Cutter, deceased, and denies the allegation that the said decedent bequeathed any interest in the trade-mark to the plaintiff. Under the terms of the will of J. H. Cutter, deceased, the plaintiff took no interest in the property capable of assertion in this action. The title to the two undivided nineteenths of the trade-mark in controversy is vested in the trustees named by the testator. Nor can there be any doubt that the trust in this respect is valid in point of law. Its duration cannot, under any circumstances, exceed the life-time of the plaintiff; and upon the happening of the contingency named in the will it may terminate sooner. For these reasons we think that plaintiff was correctly non-suited at the trial, and the judgment is affirmed.

Remittitur forthwith.