[Civ. No. 6898. First Appellate District, Division One.—March 31, 1930.]

E. F. LOESCHER, Trustee, etc., Respondent, v. G. A. WHIPPLE, Appellant.

A. M. Drew for Appellant.

N. Lindsay South for Respondent.

McKENZIE, J., *pro tem.*—For two years prior to the 5th of September, 1924, Katie Loescher had in her custody a grandson nine years of age, named Jack Loescher. It is not clear why the boy was living with his grandmother instead of with his father, E. F. Loescher. The boy was somewhat mentally deficient, and the grandmother appears to have been very solicitous of his future welfare; and having in mind that he might never be capable of providing for himself, she conceived the idea of giving the boy, through the medium of a trustee, a productive tract of land in Fresno County, consisting of about forty acres. This plan of making provision for her unfortunate grandchild had

been in Mrs. Loescher's mind for some time, and on the fifth day of September, 1924, she caused to be executed a deed, which conveyed the real property involved in this action to her son, E. F. Loescher, who is the father of Jack Loescher. On the same day and as part of the same transaction, but by separate instrument, a declaration of trust relating to this property was executed by E. F. Loescher as trustee; and Jack Loescher was named therein as beneficiary. The trust agreement was evidently prepared by one who had knowledge of such matters, and it fully provides for the management of the property by the trustee and the payment of the proceeds to the beneficiary. There is only one feature of this trust agreement which calls for special attention, and this is occasioned by appellant's contention that the trust is invalid for the reason, as stated by appellant, "It is void for uncertainty as to the subject and purpose of the trust." Appellant's contention that the trust agreement is invalid was asserted by way of demurrer and by objecting to its introduction in evidence. The trial court ruled against this contention, and appellant now complains of error in this particular. This issue can be quite appropriately disposed of at this point.

That portion of the trust agreement in question reads as follows:

"Said conveyance, to wit, said deed which is hereby referred to and by reference made a part of this Declaration of Trust, is for the purpose of providing for Jack Loescher, the minor child of Trustee E. F. Loescher, and said child being of the age of nine years, said child hereinafter called and referred to as Beneficiary.

"The term of this trust and duration of the same is agreed to be until said Beneficiary shall arrive at the age of twenty-one years, at which time said property remaining in the hands of said Trustee may be conveyed and transferred to said minor child if in the opinion of said Trustee such should be done, said Trustor leaving it entirely in said Trustee with full discretionary power to at said time convey all property remaining under this trust to said Beneficiary, or to continue to use and handle said property. . . . ''

If we understand appellant's position correctly, his claim is that the discretionary power given the Trustee to convey when the beneficiary attained the age of twenty-one years

or at some time later, or perchance not at all, renders the trust invalid.

We find nothing in the authorities cited by counsel to sustain his contention. On the other hand, in *In re Marshall's Estate,* 147 Pa. St. 77 [23 Atl. 391], and *Cutter* v. *Hardy,* 48 Cal. 568, such a discretionary power was considered legal. The deed and the trust agreement show that the trustor absolutely parted with all her interest in the property and the title immediately vested in the beneficiary, subject, of course, to the trustee's legal title and the trust provisions.

In July, 1927, the respondent commenced this action against defendant G. A. Whipple to the end that plaintiff's title to the property in question might be quieted. Defendant answered and likewise filed a cross-complaint against plaintiff and Katie Loescher, the aforesaid trustor. The cross-complaint is very voluminous and sets forth in detail a number of transactions which finally resulted in an execution sale to defendant of the trust property involved in this action. The following summary of the contents of the cross-complaint is sufficient to give an understanding of defendant's claim of title.

In March, 1922, Katie Loescher exchanged some property in San Jose for some land in Santa Cruz upon which defendant Whipple had a trust deed to secure the payment of $4,500. In the trade Mrs. Loescher agreed in writing to assume this indebtedness which was owing by the Hendersons, with whom Mrs. Loescher had exchanged properties. Mrs. Loescher prior to May, 1924, paid on this trust deed between eight and nine hundred dollars. In May, 1924, the Santa Cruz property was sold under the trust deed, and Whipple became the purchaser for the sum of $2,000. After crediting this amount on the note secured by said trust deed there remained a deficiency of $2,786.83. Defendant alleged that Mrs. Loescher had knowledge of this deficiency; Mrs. Loescher denied this, and the court found she did not have knowledge of it. On September 22, 1924, Whipple commenced suit in Santa Clara County to recover the trust deed deficiency from the Hendersons and Mrs. Loescher, but the court found that Mrs. Loescher had no knowledge of this suit or that Whipple expected her to pay this deficiency until after the first day of October, 1924.

In this action Whipple obtained judgment against Mrs. Loescher in the sum of $2,976.44. In January, 1926, a writ of execution was issued to enforce this judgment, and by virtue of this writ all Mrs. Loescher's interest in the property in question was sold by the sheriff of Fresno County to Whipple for the sum of $2,000, and subsequently Whipple obtained a deed for the property. The present action was instituted by plaintiff to clear the cloud caused by the sheriff's deed to Whipple.

■ The trial court found that the proceedings leading up to the sheriff's deed to Whipple were regular; and if Mrs. Loescher had any interest in the property at the time execution was levied such interest would pass to him.

The validity of the trust deed and the regularity of the sheriff's deed having been disposed of, there remains but one issue to consider, and that is: Was the trust deed made in fraud of creditors? Such fraud may be actual, that is, by intent to defraud; or it may be constructive, as when one is generous before he is just and gives away his property without retaining enough to pay his creditors. The trial court found that Mrs. Loescher did not execute the deed with intent to defraud any creditor, and the court further found that at the time the deed was made Mrs. Loescher was not insolvent nor did she become insolvent by making a gift of this property. It is true that Mrs. Loescher's remaining assets, that is, the property she still owned after disposing of the trust property, depreciated greatly in value shortly after the making of the trust deed, but this in itself would not work retroactively (*Evans* v. *Sparks*, 170 Cal. 532 [150 Pac. 372]).

It would take a great amount of space to recite the evidence and comment on the conclusions that might be drawn from the facts and circumstances shown by the record, and in the end it would serve no useful purpose. We deem it only necessary to say that after a careful reading of the entire record we are of the opinion that the findings of the trial court to the effect that the trust deed was not made in fraud of creditors were fully justified by the evidence.

■ There remains for consideration the court's action in denying appellant's motion for a new trial. This motion was predicated upon Mrs. Loescher's testimony concerning what property she owned at certain times. The case was

tried on March 29, 1928. In October, 1927, Mrs. Loescher's deposition was taken, and at that time she was interrogated about certain real property, and then, without any reference to personal property, the following question was asked and answered: "Q. And did you have any other property than the Norris Colony property and this property I have just described, at that time? A. No sir, that is all the property I had." At the trial Mrs. Loescher, when asked concerning what property she had remaining after the trust deed was made, stated that she had notes, stock, money, etc., of the value of between fifteen and twenty thousand dollars. Counsel's position is that when he came into court he relied upon the former statement of Mrs. Loescher and was taken by surprise. He intimated at the trial he was taken by surprise, but he did not request a continuance, nor after the case was submitted did he ask to have the submission set aside so that he could present additional evidence. He waited until findings were signed and judgment entered, and then made a motion for a new trial which was based on the affidavits of Whipple and his attorney who tried the case. Counter-affidavits were filed by respondent and his attorney. The affidavits are lengthy and complicated and it would take much space to analyze them. We have read them, and conclude the counter-affidavits have more convincing force. Moreover, counsel for respondent in his affidavit alleges that several weeks before the trial he furnished counsel for appellant with a list of the properties Mrs. Loescher had at the time the trust deed was made. We cannot say as a matter of law the trial court abused its discretion in refusing a new trial.

The judgment and order appealed from are affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 30, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1930.