[Civ. No. 496. Fourth Appellate District.—June 4, 1931.]

MERLE E. CHAMBERLAIN, Respondent, v. EVELYN CHAMBERLAIN et al., Defendants; EDWARD J. KURZ et al., Appellants.

Manning, Decker & Dawson for Appellants.

John C. Miles for Respondent.

BARNARD, P. J.—This is an action to quiet title to certain real property situated in Los Angeles County. The defendant Evelyn Chamberlain, who is the mother of the plaintiff · Merle E. Chamberlain, conveyed this property to him by a grant deed dated June 30, 1927, and recorded on September 6, 1927. On August 29, 1927, defendants Kurz held a promissory note for $700, signed by defendant Evelyn Chamberlain. On that day they brought suit upon this note in the municipal court of Los Angeles, and on the same day levied an attachment on the real property involved herein, as being the property of said Evelyn Chamberlain. After judgment in that action, the property was sold under execution to the defendants Kurz. Subsequently this action was brought by the plaintiff, who claimed to be the owner of the real property thus attached. In their answer the defendants allege that this property was conveyed to the plaintiff by his mother with the intent to delay and defraud her creditors; that the transfer was without consideration; and that the said Evelyn Chamberlain was at the date of said transfer insolvent and unable to meet her obligations. From a judgment in favor of the plaintiff this appeal was taken.

The principal contention of appellants is that certain findings of the trial court to the effect that the said Evelyn Chamberlain was not insolvent at the time of said transfer, are not supported by the evidence. In this connection the court found: "It is not true that at the time of the execution of said deed, or for some time prior thereto, Evelyn Chamberlain was unable to pay her obligations as the same became due, or that the transfer of said real property left.her without assets from which her debts could be paid, or that she was at the time of said transfer, or now is, insolvent." The record supports this finding. Mrs. Chamberlain testified that at the time of the transfer in question she owned three clear lots "up near Mulholland Drive", which were worth $1500. This evidence stands uncontra-

dicted. ■ Appellants object that there was no evidence of the value of these lots other than her testimony. That an owner of land may testify as to its value needs no citation of authorities. ■ Appellants state in their brief that upon examining the records at a time subsequent to the trial, they found that Mrs. Chamberlain did not become the record owner of these lots until July 26, 1927. It is contended, therefore, that she was not the owner thereof on June 30, 1927, the date of this transfer. The question of insolvency in such a case does not depend upon record titles, but actual facts as to ownership of property. It is entirely a question of fact and of good faith. She testified she owned the property on June 30th, and the fact that she recorded her deed within three weeks thereafter and before these appellants attempted to collect their claim, not only corroborates her testimony, but negatives any idea of bad faith. The finding is supported by the evidence.

■ Appellants next complain because the trial court did not find that the transfer was made for a valuable consideration. The court did find as follows: "It is not true that no consideration passed from Merle E. Chamberlain to Evelyn Chamberlain, and it is not true that the said transfer of said property was made for the purpose of delaying or defrauding said defendants, as creditors."

While the record contains evidence from which the court could well have found that the transfer was made for a valuable consideration, no such finding appears. However, in view of the finding that this grantor was not insolvent at the time of the transfer, the absence of a finding upon this point is immaterial. The trial court found that Mrs. Chamberlain did not convey the property with the intent to defraud any creditor and that she was not insolvent after making the transfer complained of. These findings were sufficient to support the judgment (*Loescher* v. *Whipple*, 104 Cal. App. 782 [286 Pac. 741]).

■ Appellants next assert that they were prevented from having a full and fair cross-examination of the plaintiff. The transcript contains four pages of such cross-examination, after which the reporter states "the witness has an epileptic seizure". It was thereupon agreed by the respective attorneys that the witness' deposition should be taken to complete the examination in a more leisurely manner.

This was done and the deposition was received in evidence, although appellants claim the results were little, if any, better. Subsequently the plaintiff was recalled for cross-examination in open court and after two questions were asked the reporter notes that the "witness loses consciousness". No further attempt to cross-examine the witness was made and no other request made of the trial court in that connection. It is apparent that the situation was both unusual and one calling for consideration and discretion upon the part of the trial court. It fully appears that the trial court made every effort to secure for appellants their right of cross-examination. In view of this and the further fact that the appellants tacitly accepted the situation without further effort, we are of the opinion that no error appears.

It is next contended that fraud is proved by the fact that Mrs. Chamberlain, after the transfer to her son, rented the property in question to a certain tenant. The evidence shows that she discussed this matter with her son and it was decided the property should be rented for the purpose of paying the monthly installments on the encumbrance. Not only is no control shown, but the entire evidence is sufficient to sustain the court's finding that the conveyance was not made with fraudulent intent, and the point is immaterial if the mother was not rendered insolvent by the transfer in question.

Appellants argue that the court was in error in denying their motion for a new trial. Not only is such an order not appealable since the amendment of 1915, but if the affidavits introduced in support of the motion, which are supposed to go to the question of the ownership of these lots by Mrs. Chamberlain and to their value, are considered, they are entirely insufficient. While appellants intimate that they were surprised by the testimony of Mrs. Chamberlain that she owned these lots, and while they maintain they had no way to ascertain in advance that she owned any such property, they admit that they subsequently learned that a deed conveying the property to her was recorded on July 26, 1927, before their action was begun, and more than nine months before the trial. The record was not only presumptive notice, but was at all times open to their inspection. In this connection counsel states

that at the close of the evidence in the original trial he requested that he be given an opportunity to procure rebuttal testimony. The record shows that at that time counsel remarks "That is all. We would like to have a continuance in order to bring in more rebuttal testimony as to the value of these properties." A discussion upon points of law followed, after which the court ordered the case submitted. In suggesting a continuance no statement was made of what evidence it was proposed to produce; nothing definite was set forth as to the existence of any such evidence or the possibility of obtaining the same; and no excuse was offered for not having known what was disclosed by the records. The request was not repeated, nor was any request later made that the submission be set aside. And even upon the hearing of the motion for a new trial, the affidavits offered along that line were not even sufficient to raise a conflict in the evidence upon those points. Under such circumstances, the discretion exercised by the trial court cannot be disturbed.

The only other point raised is that the court erred in refusing to compel the plaintiff, as a condition of obtaining a decree quieting his title, to repay to appellants certain moneys which it is claimed they expended in preserving the title and for insurance in connection with the property in controversy. They rely on the case of *Dool* v. *First Nat. Bank of Calexico,* 207 Cal. 347 [278 Pac. 233]. In that case the prevailing party had requested the bank to advance certain sums for taking care of the encumbrances upon the property, and it was held that under the familiar rules of equity such advances must be returned. No such request appears in the instant case, but if it be assumed that the equitable rule applies, a question of fact remains as to whether any such payments were made. The court found to the contrary. One of the appellants testified that he had paid out for the purposes named, $154.52. His testimony is not clear as to when he paid any item or what for. Although asked in cross-examination for his canceled checks he did not produce them, and he admitted that he did not know whether or not the payments he claimed to have made were being held up pending the outcome of this lawsuit. On the other hand, there was evidence that all such payments had been made by or on behalf of the plaintiff, and

the court's finding on this conflicting evidence cannot be disturbed. If any injustice has been done appellants it does not appear from the record, and if the conditions intimated in appellants' briefs in fact existed, no sufficient reason appears to produce evidence of such facts in the trial court.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.