[L. A. No. 10889. In Bank.—June 6, 1929.]

DONALD DOOL et al., as Executors, etc., Appellants, v. THE FIRST NATIONAL BANK OF CALEXICO (a Corporation) et al., Respondents.

C. Sherman Anderson, Frank L. Muhleman and Muhleman, Anderson & Palmer for Appellants.

Ault & MacKinnon and Clyde R. Burr for Respondents.

THE COURT.—This is an appeal by the plaintiffs on the judgment-roll alone from a conditional judgment in an action to set aside certain promissory notes and a trust deed and to quiet the title of the plaintiffs as executors of the will of Edward Dool, deceased, in and to certain real property in the county of Imperial, of the alleged approximate value of $278,500.

It was alleged in the complaint, in the first cause of action, that Edward Dool, on March 4, 1925, and for a long time prior thereto, was the owner of said real property; that on said date he was indebted to the defendant bank in sums not exceeding $25,000 and was reputed to be indebted to one H. H. Peterson in the sum of $2,012.58, and to one Mauldin & Company in the sum of $7,620.55; that on said fourth day of March, 1925, said Edward Dool suffered a stroke of paralysis, seriously affecting his mind and body; that on the twenty-seventh day of March, 1925, the defendant bank procured the signature of said Edward Dool to a certain purported deed of trust and to four certain purported promissory notes, to wit: two notes for $28,561.34 and $4,000, respectively, payable to the defendant bank, one note for $2,012.58, payable to said H. H. Peterson, and one note for $7,620.55, payable to Mauldin & Company, which trust deed included and embraced, among other properties, the real property described in paragraph III of the complaint; that from the date of said stroke of paralysis to and including the twenty-seventh day of March, 1925, and for a long time

thereafter, said Edward Dool was not able to understand or comprehend the nature, extent, effect or purpose of the instruments signed by him on March 27th, being entirely without understanding by reason of such illness and that said trust deed and notes were and are void; that pursuant to the power granted by the purported trust deed the defendant bank had declared the whole amount evidenced by said notes to be due and payable for breach of the obligations contained in the trust deed and that the trustees thereunder had published notice that said real property would be sold on February 17, 1928, pursuant to the terms of the trust deed.

In the second cause of action it was further alleged that the defendant bank, in addition to the amounts specified in said promissory notes, claims certain amounts by way of advancements made on the strength of said purported trust deed for interest, taxes, etc., in the sum of $32,462.25, which amounts actually owing are uncertain and unliquidated and that for the purpose of ascertaining the amounts actually owing from the estate of Edward Dool to the defendant bank it is necessary that an accounting be had between the estate and the defendant bank. A third cause of action alleged that the purported trust deed was void for uncertainty in the designation of the beneficiaries thereunder. A fourth count was a cause of action in the ordinary form to quiet title. The plaintiffs pray that said notes and trust deed be declared void, that the defendants be required to set forth the nature of their several claims and that the title of the plaintiffs in and to said property be quieted, and that if said purported notes and trust deed be found by the court to be valid, an order be made requiring an accounting to determine the exact amount due and for temporary injunction pending the trial of the action.

A demurrer to the third cause of action was sustained. The plaintiffs declined to amend that cause of action and the defendants answered the remaining three counts. The question of the mental capacity of the decedent was submitted to a jury which returned a verdict on April 4, 1928, finding that at the time Edward Dool signed said notes and trust deed he was incapable of understanding the nature, purpose or effect of said instruments. Following the verdict the parties stipulated, subject to the objection of the plaintiffs that the same was incompetent, irrelevant and imma-

terial in the light of the verdict, that the amounts laid out, expended and advanced by the defendant bank by way of taxes, assessments and interest on prior encumbrances, chargeable against certain of said real property, between June 8, 1925, and January 3, 1928, less credits, totaled the sum of $34,427.14. The action was commenced on February 15, 1928.

The court made its findings wherein it adopted the verdict of the jury and found that, at the time the alleged notes and trust deed were signed, the decedent was entirely unable, by reason of his illness, to comprehend the nature, purport or effect of those instruments and concluded that the same were and are of no effect. The court further found, with certain exceptions not necessary to be noted, that the title to the real property described in the trust deed was in Edward Dool on March 4, 1925, and the possession thereof in the plaintiffs, as executors, subject to the will of the decedent; that shortly after the execution of said notes and trust deed, said Edward Dool became so improved in his health that from the twenty-eighth day of April, 1925, to the date of his death, he was able to transact and carry on and understand the ordinary duties and incidents of his business; that between the dates last aforesaid he allowed and induced the defendant bank, and since that time and until the commencement of this action the plaintiffs, as executors of the will of the decedent, allowed and induced the defendant bank to lay out and expend from time to time certain sums of money, the amount of which and the purposes for which the same were expended are set forth at length in the findings, showing the same to have been expended for taxes, assessments, interest on prior encumbrances, etc., chargeable against the property in question and in the sum of $34,427.14; that each of the items aggregating said sum was laid out and expended by the defendant bank in good faith and in reliance upon the validity of said trust deed and with the inducement and knowledge of Edward Dool during his lifetime and of plaintiff executors after his death, and that each item and the whole thereof so expended benefited the property described in paragraph III of the complaint and has redounded to the benefit of the plaintiffs in this action.

As conclusions of law the court decided that the defendant bank was entitled to be reimbursed for the advances made by it in the payment of taxes and in the protection of said property against prior liens to the extent of $34,-427.14, with interest at the legal rate from the date of each payment, prior to the taking effect of any relief or judgment granted to the plaintiffs; that upon such reimbursement the plaintiffs would be entitled to a judgment that said notes and trust deed are void and of no effect and, further, that upon such reimbursement the plaintiffs would be entitled to judgment quieting their title as against all claims of the defendants or any of them. The court further decided that if the plaintiffs failed to make such reimbursements within a reasonable time the defendant might apply to the court for the ascertainment of the amount due at the time of such application and obtain an order directing that all of the property described in paragraph III of the complaint be sold at public auction by the county sheriff to satisfy the amounts found to be due the defendant bank, such sale to be made in the manner and form and with all of the incidents of a sale of real property under execution as provided in part 2, title 9, chapter 1 of the Code of Civil Procedure.

On the foregoing findings and conclusions of law the court entered judgment in accordance therewith. The defendants have separately appealed from the judgment in so far as it declares said notes and trust deed to be null and void, but the record on that appeal has not been perfected, and we are therefore not now called upon to consider the merits of that appeal.

In support of the plaintiffs' appeal herein it is first contended that it was beyond the power of the court to require reimbursement of moneys paid out by the defendant bank for the reason that said notes and trust deed were found to be void because the person who signed the same was entirely without understanding as contemplated by section 38 of the Civil Code. (See *Ripperdan* v. *Weldy,* 149 Cal. 667, 673 [87 Pac. 276]; *Jacks* v. *Estee,* 139 Cal. 507 [73 Pac. 247].) The defendants rely on the well-known maxim of equity that "he who seeks equity must do equity." Counsel for neither side have cited any precedent directly in point as applied to the unusual facts of this case. Reliance is placed

by defendants' counsel upon numerous cases declaring the general equitable principle which underlies the requirement of reimbursement and by analogy argue their applicability to the case at bar. For example, the case of *Booth* v. *Hoskins,* 75 Cal. 271 [17 Pac. 225], and the many subsequent cases to the same effect, are cited wherein it has become the settled law of this state that in an action by a mortgagor to quiet his title against an outlawed mortgage the court may require as a condition to the relief sought that the plaintiff first pay the amount of the mortgage debt. Our attention is also directed to the line of cases commencing with *Weber* v. *San Francisco,* 1 Cal. 455, and cases of similar import such as *Couts* v. *Cornell,* 147 Cal. 560 [109 Am. St. Rep. 168, 82 Pac. 194], and *Holland* v. *Hotchkiss,* 162 Cal. 366 [L. R. A. 1915C, 492, 123 Pac. 258], holding that where a property owner seeks to quiet his title against the purchaser of a tax deed the equitable relief will not be granted except upon condition that the property owner reimburse the purchaser in the amounts expended by the latter in pursuit of the title. The defendants also fortify their possession by reference to Pomeroy's Equity Jurisprudence, fourth edition, volume 1, sections 385 and 388, where the maxim that "he who seeks equity must do equity" is discussed, and to the text of California Jurisprudence (vol. 10, pp. 508–511), where the same subject is elaborated upon with supporting authorities in this state. It is there stated: "One of the most familiar maxims of equity, which, however, has not been declared by the Civil Code, is that he who seeks equity must do equity. This maxim means 'that whatever be the nature of the controversy between two definite parties, and whatever be the nature of the remedy demanded, the court will not confer its equitable relief upon the party seeking its interposition and aid, unless he has acknowledged and conceded, or will admit and provide for, all the equitable rights, claims and demands justly belonging to the adverse party, and growing out of or necessarily involved in the subject matter of the controversy.' The rule that he who seeks equity must do equity is applied because of the broad principle that equity is peculiarly a form of conscience, and it will not give relief which will enable a party to escape payment of all of a sum of money where it can perceive that in justice he should pay a part, unless he is ready to pay, and accom-

panies his demand with an offer to pay, the part which is just. The particular kind of equitable relief applied for is immaterial. Under this principle no one will be permitted to hold that which he has secured from another under a contract whose force he is seeking to destroy while it is still executory, unless he can show that there are equitable circumstances in the case justifying him in doing so."

The controlling principle underlying the well-established rule is the moral obligation of the plaintiff to pay notwithstanding the legal insufficiency of the defendant's remedy. As applied to the present appeal it appears that the defendant bank, at the request of the decedent after the recovery of his reason, and at the request of the plaintiffs after his death, advanced certain moneys in good faith and in full reliance upon the validity of the trust deed and the provision therein securing the repayment of advances for the benefit of the property described therein. It cannot be questioned that upon such payment a moral obligation arose to repay the same. So far as the decedent was concerned a legal obligation also arose to repay the moneys so advanced at his request and for his benefit, and *assumpsit* would undoubtedly have been an appropriate remedy if invoked during his lifetime. It must be remembered that we are now considering the obligations flowing from transactions between the defendant bank and a person restored to reason and fully capable of incurring the obligations. We are not now concerned with the fate of the notes embraced within the trust deed nor with the validity of the trust deed itself as affecting the title to the real property in question. But we are bound to consider that, at the time the defendant bank was dealing with Edward Dool in his right mind with reference to advances for the benefit of the property, the trust deed was an executed writing duly recorded, unimpeached and valid on its face, of which the decedent while sane must be presumed to have had notice and with reference to which both parties acted. · Clearly, Edward Dool, in his lifetime, could not have quieted his title against the bank which had enriched his property at his request without subjecting himself to the requirement of reimbursement. This would be so even assuming that in his lifetime he might have obtained a judgment setting aside the notes and trust deed on the ground of want of mental capacity to execute

them. In that event equity would be concerned with protecting him against his void act and deed, but a court of equity would have been feeble indeed if it could not have prevented him from employing this instrument as a means to induce the payment of money by the bank for his benefit with no obligation of reimbursement.

█ And we think the plaintiff executors are in no better position. It is true they act in a representative capacity as trustees for the beneficiaries under the will. (*Thompson* v. *Wood*, 115 Cal. 301 [47 Pac. 50]; 11 Cal. Jur., p. 212.) The devisees in the present case are the successors in interest of the testator and are not in the position of purchasers within the doctrine of *Faxon* v. *All Persons*, 166 Cal. 707 [L. R. A. 1916B, 1209, 137 Pac. 919]. We deem it to have been entirely within the province of the trial court to consider it unconscionable to permit the plaintiffs to have their title quieted without the reimbursement of the advances made by the defendant bank at the request of the plaintiffs and their testator and for the benefit of the property the title to which is sought to be quieted. The plaintiffs insist that the defendant bank should have filed a claim against the estate. It may be assumed that the bank successfully could have pressed a timely claim against the estate. By the lapse of time such remedy has been barred but the obligation has not been extinguished. It is the affirmative action of the plaintiffs in seeking the equitable relief and not the legal infirmity of the defendant's remedy that is the determinative factor. No pleading to that effect on the part of the defendant seeking reimbursement is required where the pleading on behalf of the plaintiff or the proof discloses the inequitable position of the plaintiffs. A court of equity may, and frequently does, refuse to entertain a party's application for relief where the facts disclose that the party seeking the relief must do or offer to do equity before the court in good conscience may grant him the relief sought. Likewise, if the facts proved disclose that a court should not grant the equitable relief sought without requiring that the party seeking the relief do equity, it is of no material consequence that the other party has misconceived his rights or omitted to add a prayer for relief on his own behalf.

The plaintiffs further contend that the court was without power to provide for the sale of the property to satisfy the requirement of reimbursement in the event that the same be not complied with within a reasonable time. We find no merit in the contention. This order was but a means employed to carry the court's order for reimbursement into effect. It was more favorable to the plaintiffs than the usual conditional order that if the reimbursement be not made within the specified time, judgment will be entered for the party entitled to the reimbursement.

It is also contended that the court committed prejudicial error in sustaining the demurrer to the third cause of action. The deed of trust specified the "First National Bank of Calexico, et al.," as the "beneficiary." The body of the instrument plainly discloses the beneficiaries referred to as "et al.," to wit: H. H. Peterson and Mauldin & Company. The beneficiaries were thus made certain, and we find no fatal defect in the trust deed in this regard.

The judgment is affirmed.

Rehearing denied.

All the Justices concurred.