[Civ. No. 6768. First Appellate District, Division One.—September 4, 1929.]

JOHN COOKE, Respondent, v. J. M. DARNELL, Individually and as Administrator, etc., Appellant.

E. R. McNamara and Fred W. Carroll for Appellant.

George W. Howe for Respondent.

KNIGHT, J.—The defendant J. M. Darnell, in his own behalf and as administrator of the estate of his deceased wife, Emma Darnell, appeals from a judgment in an action brought by the respondent John Cooke to set aside a deed

of grant, bargain and sale whereunder respondent and Walter Cooke, as grantors, purported to convey to Emma Darnell title to a ranch in Del Norte County containing 100 acres, it being alleged in the complaint that appellant obtained respondent's signature to said deed by fraudulent means and without the payment of any consideration. On stipulation the action was tried before a jury sitting advisory to the court. Three special issues were submitted, all of which the jury decided in favor of respondent; whereupon findings by the court were waived and after adopting the special verdicts of the jury the court entered judgment for respondent.

The essential allegations of the complaint relating to the issue of fraud were as follows: "That the plaintiff was on November 26, 1919, a resident of and in Del Norte County, California, and was then unacquainted with legal documents and legal business, and was then on very friendly terms with said defendant, J. M. Darnell, and was then and there worrying about the condition of his brother Walter Cooke (who was then and there suffering from a fatal disease), and thereby plaintiff was wholly incapacitated from attending to business, and the defendant J. M. Darnell, then and there well knew these facts and conditions and by reason thereof said defendant, J. M. Darnell, did then and there on said November 26th, 1919, in said Del Norte Co., California, take advantage of the plaintiff's said incapacity and did then and there fraudulently procure the said plaintiff to sign a certain writing, without the payment or delivery to plaintiff of any consideration whatever therefor, which certain writing said defendant, J. M. Darnell, then and there falsely and fraudulently represented to plaintiff to be an instrument to be used by said J. M. Darnell in raising money to pay some expenses of said Walter Cooke (who afterwards died, March 30, 1920), and said defendant, J. M. Darnell, then and there falsely and fraudulently represented to plaintiff that said certain writing and instrument to be signed, and so signed, by plaintiff, at the request of said defendant, J. M. Darnell, as aforesaid, was only a temporary affair." It was further alleged that the representations so made were false, as appellant well knew; that said instrument was in fact a deed conveying all of respondent's interest in said ranch to appellant's wife, and that said

deed was placed on record. The date of the recordation of the deed, however, was not stated. It was also alleged that within a few months after the execution of said deed Mrs. Darnell and appellant mortgaged the entire property to the defendant Sorensen to secure a note for $500, and later Sorensen assigned a one-half interest in the mortgage to the defendant Evans; and three years subsequent to Mrs. Darnell's death appellant and his stepson (whose interest does not appear) placed a second mortgage on the entire property to secure the payment of an additional $500, Sorensen and Evans being the mortgagees. Both mortgages, respondent alleges, were also fraudulent.

Appellant demurred to the complaint upon the ground, among others, that the cause of action set forth therein was barred by the statute of limitations. The demurrer was overruled, and appellant assigns the ruling as error. It has been held that an allegation that plaintiff did not know, understand or discover the contents of the instrument at any time prior to the date within the period of the statute sufficiently states the discovery of the fraud within the period (*Moore* v. *Moore,* 56 Cal. 89; 4 Cal. Jur. 794). In the present case it was alleged "that plaintiff never knew that said writing (he had signed) was a deed . . . nor that said deed was of record, until November 24, 1925"; also that "plaintiff first began to discover said fraud, hereinbefore referred to, in the month of December, 1922 (about the 10th day of December, 1922), but plaintiff, because of his poverty and his lack of knowledge of legal documents and legal business, never fully discovered said fraud until the 24th day of November, 1925." We are of the opinion that the foregoing allegations were sufficient to bring the complaint within the rule above mentioned, and that therefore the demurrer was properly overruled.

Answering the complaint, appellant denied the allegations of fraud, including the one charging that he represented to respondent that the instrument respondent was asked to sign was to be "only a temporary affair," and in respect thereto averred that when respondent signed the same he well knew the contents, nature and legal effect thereof. The answer did not deny, however, the allegation that the instrument was executed "without the payment or delivery to plaintiff of any consideration whatever"; but while tes-

tifying as a witness appellant claimed, as will hereinafter appear, that he paid a consideration of $600 for the conveyance of said property.

The three special verdicts submitted to the jury and its findings thereon were as follows: "1. Did John Cooke know on the 26th day of Nov. 1919, that he signed a Deed to his interest in the George Cooke Estate? Answer—No. 2. Did the defendant Darnell make the representations as alleged in substance in the complaint of plaintiff and were those representations false and believed by John Cooke? Answer—Yes. 3. Do you believe that defendant Darnell paid $600. to Walter Cooke for Walter Cooke and John Cooke for their signing that Deed? Answer—No."

We are of the opinion that the evidence is legally sufficient to sustain the allegations of fraud and failure of consideration, and also the special verdicts found by the jury and adopted by the trial court. It discloses the following facts: At the time the deed in question was executed title to the ranch stood of record in the name of George Cooke, the father of respondent John Cooke, Walter Cooke and Mrs. Darnell. He died September 7, 1919, leaving surviving him as heirs at law the three children above named; and two and a half months subsequent to his death, and long before any steps were taken to probate his estate, to wit, on November 26, 1919, the instrument in question was executed. It recites the payment to the grantors of a money consideration of $350, and the indorsements thereon show that it was placed on record two days after the date of its execution. Walter Cooke died in March, 1920, four months after the deed was signed, and Mrs. Darnell's death followed about two years later, in January, 1922. Respondent lived on ranches in Del Norte County all his life, thirty-nine years of which was spent on the ranch in question. He had practically no school education, having only finished the second grade, and was entirely unfamiliar with matters relating to the transfer of real property. There is no dispute about the fact that at the time the instrument was signed Walter Cooke was stricken with fatal illness and was seeking special medical treatment, but was unable to obtain the same because of lack of funds. ·Nor is there any question that the purpose of the transaction involving the execution of the deed was to raise money

to secure such medical treatment. But the evidence is sharply conflicting as to the circumstances attending the signing of the deed. Respondent testified that without previous appointment he met Darnell on the street in Crescent City on the morning of November 26, 1919, the day on which the instrument was signed, and that Darnell asked him to go to the law office of Hersch and McNulty and "sign a piece of paper temporarily" so that he, Darnell, could raise some money to pay for the medical services Walter Cooke was seeking; that being perfectly willing that this should be done he accompanied Darnell to said law office without further question, and that there the following occurred: "He (Mr. Hersch) produced a paper on one corner of the desk and walks up close to me and kind of holds it up close to me, reads three or four words, kind of mumbled—I did not hear, and pointed out for me to sign right here. I did not see any other signature only what I put down there. He takes the paper and I gets up and walks out." He further testified that he was not given an opportunity to read the paper, nor did anyone read or explain it to him, but relying wholly upon Darnell's representation that it was merely a "temporary paper" which it was necessary for him to sign before money could be obtained to take care of his brother's sickness, he signed the same without question; and that if he had known that the paper was a deed, he would not have signed it. Darnell denied having made the representations above mentioned, and in that connection testified that several days prior to the date on which the deed was signed he discussed Walter Cooke's condition with respondent and as a result of such discussion agreed on behalf of his wife to purchase the interests of the respondent and Walter Cooke in their father's ranch for $600, so that Walter Cooke could use the money to obtain necessary medical treatment; and that when he met respondent on the street that morning it was in pursuance of an appointment to consummate the transfer. He further testified that after entering said law office Mr. Hersch, at his request, read the deed to respondent and informed him as to its legal effect; and that thereupon respondent signed the deed. Darnell's testimony as to what transpired in the law office was corroborated generally by the testimony of Mr. Hersch, and to some extent by the

testimony of Mr. McNulty. With reference to the question of failure of consideration appellant admitted that no money whatever was paid to respondent, but claimed that Walter Cooke signed the deed the day before respondent signed it, and was paid $300 as his share of the purchase price, and that later, at respondent's request, he also paid Walter Cooke the remaining $300 due for respondent's share. Respondent denied ever having made any such request, and at the trial appellant was able to produce only one receipt signed by Walter for $300, claiming that the other receipt for a like amount and the original deed to the property had been lost.

In determining the truth of the testimony bearing upon the issues of fraud and failure of consideration, the jury in the first instance, and afterward the trial court, accepted and acted upon the testimony given by respondent, and there is nothing inherently improbable in such testimony. Therefore the conclusions reached thereon by the jury and the trial court on those issues are final and conclusive on this appeal.

■ Appellant contends, however, that the equitable relief sought by respondent should nevertheless have been denied upon the ground of laches, reliance being placed upon the fact that the deed was recorded within a day or two after it was executed, and upon a conversation which took place between appellant and respondent on the county road in said county in December, 1922, at which time appellant told respondent that respondent had "no more interest" in the property, that he had "signed it all over" to appellant. However, appellant did not plead the defense of laches in his answer, and, as pointed out in discussing the ruling on demurrer, nothing appears on the face of the complaint to warrant the denial of relief on that ground. In that state of the record it would seem that appellant may not raise the question of laches for the first time on appeal because, as held in a number of cases, " . . . laches is a defense, not a condition of relief, and if it does not appear on the face of the complaint, must be affirmatively pleaded and proven by the defendants" (*Victor Oil Co.* v. *Drum,* 184 Cal. 226 [193 Pac. 243, 250]). ■ Assuming, however, that such defense is available to appellant without having pleaded the same in his answer, we are of the opin-

ion that the facts of the case are not such as demand the application of that doctrine as a matter of law, because there is sufficient evidence to prove that respondent did not in fact learn that the instrument he had signed was a deed, nor that the same was a matter of record, until shortly before the commencement of this action. In this regard he testified that when appellant told him in December, 1922, that he had no more interest in the property, he was "kind of astonished" and called appellant's attention to the statements made by him at the time the deed was signed to the effect that it was only a "temporary affair" and would be "straightened out" later, and that in reply Darnell merely repeated his statement and rode away; that consequently he "thought maybe he (appellant) was fooling"; and afterward he "did not think much about it" until the year 1925, at which time the sheriff of the county, during a friendly conversation with respondent, asked him if he did not own an interest in the ranch, and upon replying that he did, the sheriff told him that Darnell was about to probate the George Cooke estate and suggested that he had better engage a lawyer to look after his interests; that he did so immediately and soon thereafter was advised for the first time of the true nature of the instrument he had signed, and that the same was on record; and that within a few days thereafter he commenced suit to have the same set aside. The sheriff fully corroborated respondent's testimony with reference to said conversation. Even though it could be fairly held as a matter of law, as appellant contends, that the conversation between Darnell and respondent in December, 1922, was sufficient to put respondent on inquiry, it would not operate as a bar to recovery because the record shows that the action was commenced within three years thereafter; and, moreover, there was neither pleading nor corresponding proof of any prejudice having been suffered by appellant or the estate of Emma Darnell as a result of such delay, and such prejudice must be established before equitable relief will be denied upon the ground of laches (*Victor Oil Co.* v. *Drum, supra; Hill* v. *Garvey,* 56 Cal. App. 98 [205 Pac. 61]). Appellant suggests the loss of the testimony of Walter Cooke and Mrs. Darnell, occasioned by their deaths; but the record shows that they died long before said conversation took place; and the delay mentioned

could not have retarded the settlement of the estates of Mrs. Darnell and George Cooke, because appellant did not seek to probate either until shortly prior to the commencement of this action.

The case of *Blaisdell* v. *Leach*, 101 Cal. 405 [40 Am. St. Rep. 65, 35 Pac. 1019], cited by appellant, is essentially different from the present one, and therefore not in point. The action there was one by Blaisdell as mortgagee against Leach and his wife to foreclose a mortgage executed by Leach, covering property standing of record in his name; and at the trial it was disclosed that the deed under which Leach claimed to have acquired title from his wife was a forgery. However, she had acknowledged the instrument before a notary public, believing it to be a lease, and it was held therefore that since she acknowledged the instrument without informing herself as to its purport and effect, she was estopped from assailing its validity against the rights of the mortgagee, who had, in good faith and without any other knowledge than was conveyed by the instrument, parted with his property on the strength thereof. But in so holding the court clearly indicated that as between Mrs. Leach and her husband the deed was voidable on the ground of fraud. Here the action is between the grantor and the legal representative of the deceased grantee, and the rights of innocent third parties are not involved. True, the mortgagees were made parties defendant to the suit, and the judgment declares said mortgages to be inoperative against respondent's undivided one-third interest and grants certain injunctive relief against the enforcement thereof against said interest; but so far as the record shows neither of the mortgagees was ever served with summons in the action or ever appeared therein voluntarily by demurrer, answer, intervention or otherwise; neither was there any evidence whatever introduced in support of the allegation of the complaint that said mortgages were fraudulent, nor any finding made by the jury or trial court with reference thereto. Manifestly, therefore, the judgment has no legal effect whatever upon the validity of said mortgages or the rights of the respective mortgagees thereunder, and in so far as its provisions purport to adjudicate those matters they are wholly nugatory.

Furthermore, the question whether or not appellant's fraudulent acts in procuring respondent's signature to said deed were binding upon his wife and her estate is unimportant, because, as shown, the answer filed by appellant in his own behalf and as administrator of his wife's estate admits that the conveyance to her was made without the payment to plaintiff of any consideration, and the jury and the trial court so found.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.