[L. A. No. 13398. In Bank.—September 18, 1933.]

ANNA J. ELLIS, an Incompetent Person, etc., Respondent, v. UNION TRUST COMPANY OF SAN DIEGO (a Corporation) et al., Appellants.

Jos. H. Egermayer, D. L. Ault, Stearns, Luce & Forward and Fred M. Kunzel for Appellants.

Stone, Munkelt & Gazley for Respondent.

THOMPSON, J.—This action was commenced for the purpose of having adjudicated a rescission of a contract for the purchase of real property, alleged to have been entered into by plaintiff through mistake on her part induced by the fraudulent representations of an agent of defendant, Roy C. Lichty, and the Southern California Realty Corporation, who were engaged in subdividing and selling lots in tracts commonly called Talmadge Park, Units Nos. 1, 2, and 3, and Talmadge Park Estates. The Union Trust Company of San Diego held the legal title to the property under a trust agreement for the benefit of the Southern California Realty Corporation. Judgment was rendered for the plaintiff canceling the contract and awarding her the purchase money paid on account thereof. This appeal is taken by the defendants from that judgment.

While their arguments and assignments of error are stated in greater detail, they amount to an attack upon the sufficiency of the evidence to support the findings; a charge that the court failed to find upon certain material issues, and erred in holding the defendants liable with respect to two lots, the subject of a special contract strictly between the agent and respondent.

It appears from the record that on July 1, 1928, the time the contract was executed, the respondent was a woman past seventy years of age and that subsequently and on August 15, 1930, the San Diego Trust and Savings Bank was appointed guardian of her estate by order of the Superior Court in San Diego County. The trial court, however, found that she was not incapable of transacting business at the time of the execution of the contract in question. In this connection it is to be observed that Mrs. Ellis gave most of the testimony upon which the findings are based. In effect she said that a Mr. Hegyi, the agent, called upon her for the purpose of interesting her in the lots; that he took her out to the property; showed her first where the private homes were to be built, where the high school was going to be; told her that one side was for residences and the other for business purposes and advised her that it would be a good thing for her to buy some of the lots and put up an apartment house, as the high school was coming very soon. In more or less detail she described the situation of the lots

with respect to the proposed high school, tract office and a house constructed for exhibition purposes. She said that the sidewalks were not constructed in front of the lot at which she looked, a fact upon which appellants place much reliance, because they introduced evidence that the sidewalks were constructed in the particular block described by Mrs. Ellis, but not in the one where the lots were located which were subsequently described in the contract. The trial judge made a visit to and an inspection of the property. The contract as executed called for five lots on Forty-ninth Street, a distance of more than five blocks from the lots which Mrs. Ellis says she was shown and a little farther than that from the site of the proposed high school. She also testified that she only intended to buy three lots, but, upon Mr. Hegyi's statement that he would like to have her take two more and hold the two for a friend of his who wanted to purchase them, five were included. Also she said that the contracts were put in her safe deposit box and that she did not know that the wrong lots were described until her brother discovered that fact in May, 1930. Mr. Hegyi died about sixty days after the consummation of the deal. The court concluded that respondent was shown one group of lots and sold another which were far less valuable. Considering respondent's age and the attending circumstances, the above recited facts were sufficient to warrant the court in granting relief. Regardless of the impression which the testimony, recorded upon the cold page, may make upon us, the rule which properly confers upon the trial judge the responsibility of weighing the testimony precludes us from weighing the notion that Mrs. Ellis entertained, that there were no sidewalks along the block where she selected the lots, with other testimony given by her. And, while it is true, as appellants contend, that no one gave specific testimony concerning the values of the respective groups of lots, yet the fact remains that the trial judge visited the property and made his inspection and, in connection with the testimony which indicated the relative proximity to the proposed school and their desirability as an apartment house site, determined, as a matter of fact, that the lots selected by Mrs. Ellis were much more valuable than those specified in the contract.

Nor can it be said that because two additional lots were included in the contract by the persuasion of the agent and upon the statement that they were for a friend, that rescission and recovery of the purchase price should not result. The contract was tainted with fraud—it was vitiated from the beginning. (*Providence Jewelry Co.* v. *Nagel,* 157 Cal. 497, 503 [108 Pac. 312]; 12 Cal. Jur. 721.) Certain it is, if the testimony of the respondent is credited, that she would not have executed the contract for two lots or three lots or five lots had she not believed she was securing lots in the block near the proposed high school.

It is also claimed by appellants that the court should have found that respondent was guilty of laches. It is to be noticed that laches was not pleaded, for which reason it was not an issue at the trial. Consequently, there was no occasion for a finding. Aside from this fact we cannot find that appellants raised the point in the trial court. In truth the trial judge, upon the occasion of an objection to a question propounded to Mrs. Ellis, asked: "Is there any laches pleaded?" to which counsel for appellants replied: "No, I think not." Under such circumstances the argument comes too late. (*Parkside Realty Co.* v. *MacDonald,* 166 Cal. 426, 433 [137 Pac. 21]; *Cooke* v. *Darnell,* 100 Cal. App. 482, 488 [280 Pac. 383].)

The other specifications of failure to find upon issues have been examined, and in fact discussed, under the treatment of the sufficiency of the evidence. Further treatment thereof is unnecessary. Judgment affirmed.

Seawell, J., Shenk, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.