[Sac. No. 4913.  In Bank.—February 7, 1936.]

E. C. ALLEN et al., Respondents, v. OLIVIA J. MEYERS, Appellant.

W. E. Wright and Robert W. Tharp for Appellant.

Chris. B. Fox, as *Amicus Curiae* on Behalf of Appellant.

Vernon Stoll for Respondents.

CURTIS, J.—Action brought to declare a trust in certain real property standing in the name of the defendant. Plaintiffs are the children of Mary Gassaway by a marriage prior to her marriage to Joseph H. Gassaway on November 6, 1915.

The defendant is a daughter of said Joseph H. Gassaway by a marriage prior to his marriage with Mary Gassaway. At the time of the marriage of Joseph H. Gassaway and Mary Gassaway, the latter was the sole owner of the real property involved herein, and remained such owner until the day before her death, which occurred on November 8, 1919. Her death occurred after and as a result of a protracted and severe illness. On November 6, 1919, her husband said to her that she was going to die and that if she would make a deed of everything to him he would deed it back to her children and thus save cost of probating the estate. The following day and while Mary Gassaway was in an almost unconscious state, she signed a deed to said real property at the request and in favor of her husband, the said Joseph H. Gassaway. She died the next day. There is also evidence in the record that Mary Gassaway had $1800 in the bank which her husband took possession of after her death. Joseph H. Gassaway continued in the possession of said real property up to the time of his death which occurred on November 23, 1932. A short time before his death he deeded said real property to the defendant who, as stated before was his daughter by a marriage prior to his marriage to Mary Gassaway. This deed was recorded on June 5, 1933, which was after the death of Joseph H. Gassaway. This action was commenced December 20th of the same year. The evidence also showed that plaintiff T. J. Allen had conveyed to Joseph H. Gassaway during the lifetime of the latter all of the interest of said T. J. Allen in said real property. Upon the conclusion of the trial, the court rendered judgment that defendant Olivia J. Meyers holds title to said real property in trust as to an undivided third thereof for each of the plaintiffs E. C. Allen and Zelma M. Lloyd and that plaintiff T. J. Allen has no interest in said real property. From this judgment the defendant has appealed.

It is first contended that the evidence is insufficient to support the finding of the trial court that there was a trust created. The evidence upon the question as to whether a trust was created is brief and is confined entirely to the testimony of plaintiff Zelma M. Lloyd. It is, however, uncontradicted, and is, in our opinion, sufficient to support the court's finding. She testified that on the day before the deed was executed by her mother to Joseph H. Gassaway, the latter told

her mother that she was going to die and "he told her if she would make a deed and deed everything to him he would deed it back to us children to save us the court costs of probating the estate". On the following day and while Mrs. Gassaway was in an almost unconscious state, Gassaway presented a deed to said real property and requested her to sign it, which she did. There is no evidence whatever that Gassaway paid any consideration for said deed. Without indulging in any extended discussion of the law applicable to such a state of facts we deem it sufficient to say that the facts stated bring this case clearly within the rule announced in *Lauricella* v. *Lauricella*, 161 Cal. 61 [118 Pac. 430]; *Logan* v. *Ryan*, 68 Cal. App. 448 [229 Pac. 993]; *Taylor* v. *Bunnell*, 77 Cal. App. 525 [247 Pac. 240], which hold that under similar conditions as those existing in the present action a constructive trust arises in favor of the beneficiaries which can be enforced against the grantee. It is conceded that the defendant paid no consideration for the real property conveyed by her father. She therefore would hold the property impressed with the same trust to which it was subject before its conveyance to her.

It is further contended that respondents waived any right that they may have had in said real property by subsequent dealings by them with Joseph H. Gassaway. These subsequent dealings were reflected by two receipts signed by the respondents respectively. One of these receipts, dated June 22, 1921, and signed by respondent Zelma M. Lloyd, acknowledged the receipt by her from Joseph H. Gassaway of the sum of four hundred dollars "on account of my share of the real estate of Mary A. Gassaway (my mother) in full". The other receipt dated July 5, 1927, and signed by respondent E. C. Allen, acknowledged the receipt by him from J. H. Gassaway of the "sum of Five Hundred dollars ($500.00) in full of all demands against the estate of Mary A. Gassaway deceased". No probate proceedings were ever had of the estate of Mary A. Gassaway, and the trial court was of the opinion that as the property was conveyed prior to her death, it never became a part of her estate. There was also evidence, as stated above, that Mary A. Gassaway had at the time of her death the sum of eighteen hundred dollars on de-

posit in a local bank, which sum of money was paid by the bank to Joseph H. Gassaway after the death of his wife.

We have already held that Gassaway held said real property as trustee for the benefit of the three children of his deceased wife. Any dealings, therefore, between him and the beneficiaries under said trust regarding the trust property must be viewed and construed in the light of section 2235 of the Civil Code, which reads as follows: "All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration and under undue influence." If, therefore, Gassaway during his lifetime acquired any interest in said real property from the beneficiaries, or either of them, the burden of proof was upon him, and in case of his conveyance of said real property to another without consideration the burden was upon his grantee, to prove that said interest was acquired by him for a sufficient consideration and not under undue influence exerted by him over said beneficiaries. (*Jacobs* v. *Ludemann,* 137 Cal. 176 [69 Pac. 965]; *Metropolis etc. Sav. Bank* v. *Monnier,* 169 Cal. 592 [147 Pac. 265].)

Furthermore, in dealing with the beneficiaries the trustee must show the utmost good faith. (26 R. C. L., p. 1375.) When, therefore, Gassaway sought to have the children of his deceased wife release him from their claims to said real property, it was his duty to inform them of the money left by their mother on deposit in said bank, and the nature, character and value of any other property left by her as well as that deeded to him for their benefit. There is no evidence that any such information was given by Gassaway to either said children during the transaction which resulted in the execution and delivery of the two receipts signed by the respondents respectively. There is then no proof that they were given for a sufficient consideration, or that they were not the result of undue influence, exercised by him over respondents. The burden of furnishing this proof was, as we have seen, upon the appellant, and in the absence of such proof, these receipts standing alone are not evidence that either of the respondents waived or released his or her rights in said trust property.

■ Appellant also complains of the action of the court in denying her motion for a new trial which was made upon the ground of newly discovered evidence concerning the money left by Mrs. Gassaway on deposit at the time of her death. It is claimed on said motion that the newly discovered evidence would show that this money was left as a joint account in the names of Mr. and Mrs. Gassaway and that on the death of the latter it became the property of Gassaway. Whatever bearing this evidence might have upon the final determination of the case it is quite evident that no showing of diligence was made by appellant to have the evidence produced at the trial of the action. Some discussion arose during the trial regarding the nature of this deposit, and the respondent offered to show by the records how this $1800 came into the possession of Gassaway. This offer, while no objection thereto was made by the appellant, was never acted upon by the court. Had appellant been desirous of having the records of the bank in evidence at the trial, she could have acquiesced in respondents' offer, and the court would no doubt have given the privilege to either party to produce them. No showing was made that the bank records were not open to the inspection of appellant, or that they were not easily accessible and could not have been examined by appellant prior to the trial. The court denied the motion for a new trial on the ground that "no showing whatever is here made upon the matter of diligence". The motion, in our opinion, was properly denied.

■ An *amicus curiae* brief has been filed by one of the daughters of Joseph H. Gassaway other than the appellant. In addition to the questions discussed by the appellant, the brief of *amicus curiae* raised the question of laches on the part of respondents in the institution of this action. It is true that the action was not instituted until after the death of Joseph H. Gassaway. But the deed from him to the appellant was not filed for record until after the death of appellant. The defense of laches was not pleaded nor was it raised by appellant at the trial, nor is it relied upon in her brief filed on this appeal. The defense of laches may not be raised for the first time on appeal. (10 Cal. Jur. 556.)

■ It is true that if the action had been commenced during the lifetime of Joseph H. Gassaway he might have given a

satisfactory explanation of his transactions with respondents. There is no evidence in the record aside from the presumptions mentioned above that in these transactions he violated any obligation imposed upon him as trustee under the deed to him from his wife. There was no evidence whatever as to just what did take place during these transactions, and, as we have heretofore shown, the burden of showing that these transactions were supported by a sufficient consideration and were not the result of undue influence rested with the appellant. In the absence of any such evidence, the presumptions created by section 2235 of the Civil Code must prevail.

The judgment is affirmed.

Langdon, J., Shenk, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.