ANONA SANCHEZ, as Executrix, etc., Respondent, v.
ANTONIO TORQUEMADA et al., Appellants.

Raymond A. Ferrario for Appellants.

Cyril Roche, Philip Silver and Stanley C. Smallwood for
Respondent.

DOOLING, J.—Defendants appeal from a judgment de-
termining a deed absolute in form to be a mortgage and order-
ing defendants to reconvey the property upon the payment
of an amount determined by the court to be secured thereby.

No question is made of the correctness of the amount to be paid but appellants argue that the finding that the deed was in fact a mortgage is not supported by the evidence. The evidence was in sharp conflict and appellants invoke the clear and convincing evidence rule. It is now settled that this rule is one for the guidance of the trial court and an appellate court's inquiry ends when it ascertains that there is substantial evidence to support the trial court's finding that a deed absolute in form was intended as a mortgage. (*Beeler* v. *American Trust Co.*, 24 Cal.2d 1, 7 [147 P.2d 583].)

Looking to the evidence most favorable to respondent it appears that respondent's testator was confined in jail on a criminal charge in 1931, that appellants who are testator's sister and brother-in-law advanced $500 for his defense and the testator deeded the property on which he had been residing to them. Appellant Mrs. Torquemada testified: "He told me he was putting the property in my name and my husband's name. . . . Due to the debt, because he could not pay me." When the testator was released from jail he and his executrix, who became his wife, went to live in the home on the property in question and continued to live there until the testator's death. There is evidence of frequent demands by the testator upon appellant Torquemada for the reconveyance of the property to him and acknowledgments by Torquemada that testator owned the property and promises to reconvey it. There is also evidence that in 1931 the value of the property was from two to six times the amount of $500 advanced by appellants.

Much of this evidence was flatly contradicted but the resolution of the conflicts rested with the trial court and the above recital establishes that there was substantial evidence to support the finding that the deed was intended as a mortgage.

Appellants also argue that the right to relief was barred by laches. Laches was not pleaded nor urged in any manner in the trial court. It is therefore not open to appellants on appeal. (*Allen* v. *Meyers*, 5 Cal.2d 311, 316 [54 P.2d 450] ; *Ellis* v. *Union Trust Co.*, 219 Cal. 50, 53 [25 P.2d 1] ; *Busick* v. *Mandeville*, 80 Cal.App.2d 853, 856 [183 P.2d 362] ; *Lotts* v. *Board of Park Commrs.*, 13 Cal.App.2d 625, 636 [57 P.2d 215].)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.