[Civ. No. 18531. Second Dist., Div. Three. Dec. 11, 1951.]

JOHN H. DINKINS, Respondent, v. MAMIE B. LAMB et al., Appellants.

Halverson & Halverson, Charles L. Farr and George Halverson for Appellants.

Donald J. Dunne for Respondent.

VALLÉE, J.—Appeal by defendants on the judgment roll from an adverse judgment in a suit to quiet plaintiff's title to Lot 8, tract 9639, and for damages for encroachment of a foundation thereon.

On October 28, 1936, Hattie Wilbur was the owner and in possession of Lot 8, subject to a sale made to the state in 1932 for unpaid taxes. On that date plaintiff was the owner of a street improvement bond held in the name of Trompeter & Company, which was a lien on Lot 8. On that date Hattie Wilbur executed a grant deed of Lot 8 to Trompeter & Company, which was recorded February 16, 1937. On February 11, 1937, Trompeter & Company executed a grant deed of Lot 8 to plaintiff, subject to the taxes. This deed was recorded February 16, 1937. Plaintiff did not pay any taxes levied on the property at any time.

On January 24, 1945, Hattie Wilbur executed a quitclaim deed to Lot 8 to defendant Mamie B. Lamb and her husband, now deceased, subject to the taxes thereon. Thereupon the Lambs went into possession, paid all delinquent taxes and penalties, have been in possession ever since, and have paid all taxes and assessments thereon until the commencement of this action. The amount paid by the Lambs on account of taxes, penalties, delinquencies, and for the removal of trees is $453.22.

About January 1, 1946, the Lambs and defendant Johnson made an oral agreement whereby the Lambs gave Johnson "the right" to erect a party wall along the side of Lot 8 extending 4 inches onto the lot and whereby it was agreed that when the Lambs should use the wall they would pay Johnson $375 therefor. Thereupon Johnson erected a cement wall, as agreed, at an expense of $750. The value of the 4 inches of land is $100.

The court found the foregoing facts and therefrom concluded and decreed that (1) plaintiff's title to Lot 8 be quieted, (2) Mamie B. Lamb has a lien thereon for $453.22,

and (3) plaintiff recover damages in the sum of $100 from Johnson.

Defendants' assignments of error are that the court erred: (1) in failing to find on the issue of adverse possession; (2) in failing to find on the question of damages; (3) in failing to find that plaintiff was barred by laches; (4) "in its conclusions of law and judgment (a) in coming into court with unclean hands and failing to do, or offering to do equity"; (5) in awarding costs.

As an affirmative defense the answer of Mamie Lamb alleged that she "and her predessor in interest in the ownership of said lot have been in the possession of said lot openly, notoriously and adversely to the plaintiff and all the world for the period of more than five years prior to the commencement" of this action, and have paid all taxes levied and assessed thereon. The court found that ever since January 24, 1945, the Lambs held Lot 8 adversely to the plaintiff and all the world, openly, notoriously and adversely under a claim of right, harvesting the fruit trees thereon, of nominal value, and paying all taxes and assessments thereon, until the commencement of this action on the 16th day of May, 1949."

It is argued that the court should have made a finding as to the "holding" of the Lambs' predecessor in interest. Defendants have not given us a proper record on appeal that will permit us to consider this assignment of error. In the absence of a transcript of the oral proceedings, it must conclusively be presumed that there was no evidence that Mrs. Lamb's predecessor in interest was in possession. (*Hunt v. Plavsa,* 103 Cal.App.2d 222, 224 [229 P.2d 482].) Further, the inference from the findings that the property had been sold to the state for taxes and that the Lambs had paid all delinquent taxes and penalties is that the predecessor of the Lambs did not pay any taxes levied on and assessed against the property as alleged in the answer.

In support of the claim that the court erred in failing to find on the question of damages it is asserted that the court should have found whether the building of the party wall was a damage or betterment to plaintiff's property. The court found that the value of the 4 inches of land is $100, and concluded that plaintiff recover from Johnson "the sum of $100 damages." In the absence of the evidence, we construe this finding as one that plaintiff suffered damage to the amount of $100 by reason of the construction of the party wall. On the record presented we must assume that

there was evidence that the damage suffered equaled the value of the 4 inches.

We cannot say, as a matter of law, that plaintiff was guilty of laches. The deed to plaintiff was of record at the time the Lambs acquired the property and was constructive notice to them that plaintiff was the owner of the property. (Civ. Code, § 1213.) Their payment of taxes cannot be laid to plaintiff. So far as appears, the question of laches was not raised in the trial court. It cannot be raised for the first time on appeal. (*Ellis* v. *Union Trust Co.*, 219 Cal. 50, 53 [25 P.2d 1]; *Sanchez* v. *Torquemada*, 96 Cal.App.2d 26-7 [214 P.2d 48].) For the same reasons we cannot say that plaintiff came into court with unclean hands because of his failure to pay the taxes.

Neither can we say that title should not have been quieted in plaintiff without requiring him, as a condition precedent thereto, to pay all taxes and delinquencies paid by the Lambs. Defendants rely on the principle that if the owner of an estate stands by and suffers another person, who is ignorant of his title, or supposes himself to be entitled, to expend money upon the estate, a court of equity will compel such owner, where he afterwards comes into court to assert his title, to idemnify the one who made the expenditure. (2 Pomeroy Eq.Jur. (5th ed.) 65, § 390.) The principle is not applicable for the reason that it cannot be said, in view of the fact that the deed to plaintiff was of record at the time Hattie Wilbur quitclaimed to the Lambs, that the Lambs were ignorant of plaintiff's title or that in a legal sense they supposed themselves to be entitled to expend money on the property. Hattie Wilbur did not have title at the time she deeded to the Lambs. The deed was void. The Lambs are charged with knowledge of that fact.

One charged with knowledge that the deed under which he holds is void and who pays taxes is a volunteer and is not entitled to a lien therefor. (*Toler* v. *Fertitta*, (Tex.Com. App.) 67 S.W.2d 229, 231.) One who pays taxes under the belief that he is the owner of the property is not entitled to a judgment for the taxes in the event he is adjudged not to be the owner since he was a volunteer. (*McMillan* v. *O'Brien*, 219 Cal. 775, 780 [29 P.2d 183]. See, also, *Atkins Guardian* v. *McCoy*, 275 Ky. 117 [120 S.W.2d 1019, 1021]; *Adams* v. *Taylor*, 149 Miss. 750 [115 So. 878]; *Burkhardt* v. *Lieberman*, 138 Tex. 409 [159 S.W.2d 847, 853-4].) The court gave Mrs. Lamb a lien on the property for the amount ex-

pended by her and her husband for taxes and delinquencies.  It is doubtful whether in law she was entitled to the lien. (*McMillan* v. *O'Brien, supra.*)  In any event she cannot complain.

*Dool* v. *First National Bank*, 207 Cal. 347 [278 P. 233], and *District Bond Co.* v. *Pollack*, 19 Cal.2d 304 [121 P.2d 7], cited by defendants, are not in point.  In each of those cases the party making the advances had an interest in the property and, therefor, was not a volunteer.  Mrs. Lamb had no interest in the property.  In the Pollack case it was said, page 307: ''The trial court therefore properly adjudged respondent to have a lien against the property for the full amount of his expenditures.''  Mrs. Lamb's interests, if any, were protected by the lien.

The court awarded plaintiff judgment for costs against defendants Lamb and Johnson.  Without the citation of any authority, defendants claim that ''On no equitable principle can such a judgment be sustained.''  There was no error in awarding plaintiff judgment for costs.  (Code Civ. Proc., § 1032.)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.