DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

## AT JUNE TERM, 1877.

DAVID B. SALTER v. JANE JONAS AND RICHARD JONAS.

1. When, in a conveyance of land, the premises are described as beginning at a point on the side of a street, and as running thence along such side, the street, to its centre, will be held, by legal presumption, to be embraced.
2. Under ordinary conditions, nothing short of express words of exclusion will prevent the street in front of the premises conveyed from passing.

In error to the Supreme Court.

This was an action of ejectment for a small strip of land, being one-half of what had been a public street, in front of a lot of land which the plaintiff had conveyed to a certain person, and which lot had come, by divers mesne conveyances, to the defendants. The plaintiff's deed conveyed the premises by the following description, viz.:

" All that certain lot or parcel of land, situate, lying and being in the township of Bergen, in the county of Hudson

and state of New Jersey, butted and bounded as follows: Beginning at a stake standing at the junction of the easterly line of Rowland street with the northerly line of Johnson street, as laid down on the map of said Salter's premises, and running thence (1) along the northerly line of Johnson street south, twenty-three degrees forty minutes east, fifty (50) feet, to a stake; thence (2) north, sixty six degrees east, one hundred (100) feet, to a stake; thence (3) north, twenty-three degrees and forty minutes west, fifty (50) feet, to a stake in the said easterly line of Rowland street; thence (4) along the same south, sixty-six degrees west, one hundred (100) feet, to the beginning."

After Rowland street had been used for some time, it became useless, in consequence of another street having been opened, and the defendants had proceeded, thereupon, to take in and enclose to the middle line of the street in front of the lot above described.

At the trial in the Hudson Circuit, the court instructed the jury that the defendants' deed covered the land in the street which was in dispute, and there was a verdict accordingly.

For the plaintiff in error, *S. B. Ransom.*

For the defendant, *William Clark.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This case, as it stands before this court, presents, in a distinct form, the question whether in a conveyance of lands which, in point of fact, abut upon a street or highway, anything short of express words of exclusion will prevent the title from extending to the *medium filum* of such street or highway, the grantor, at the date of such conveyance, being the owner of such street or highway to that extent.

This is a subject with respect to which the views of judges are much at variance. The general opinion appears to be that there is so strong a presumption of an intention to con-

vey the soil of the highway when the premises granted·
actually border upon it, that very plain indications of a con-
trary purpose are requisite to exclude it. Under the opera-
tion of such a test, the present deed would not embrace the·
land in dispute, for the descriptive words cannot be extended
from their intrinsic force, so as to have so wide a reach. The·
words here used will not, if interpreted in their familiar
sense, and standing by themselves, admit of being taken as·
delineatory of any part of the street. The only point for·
consideration, therefore, is whether, when the terms used
have this restrictive force, they are to·lose that force in the
presence of the great presumption to the·contrary, which is·
inherent in the position of affairs where a lot thus located is
granted.

There are, undoubtedly, decisions which tend very strongly
to this point, and others which apparently reach it. The·
leading cases are carefully collected, and the general subject
judiciously handled in the notes of Mr. Wallace, appended
to the case of *Dovaston* v. *Payne*, 2 *Smith's Lead. Cas.* (*7th
ed.*) 160. In this series stands prominently the case of *Paul*·
v. *Carver*, decided by the Supreme Court of Pennsylvania.·
26 *Pa. St.* 223. In that instance, the description carried the
lot conveyed by so many feet to a designated street; "thence·
southeasterly along the northerly side of said street," and the·
street thus referred to was afterwards vacated, and it was held
that half of it passed with the lot that was thus bounded by its·
northerly side. This result was justified on the broad ground·
"that the paramount intent of the parties, as disclosed from·
the whole scope of the conveyance, and the nature of the prop-
erty granted,·should be the controlling rule." A number of de-·
cisions, bearing a similar aspect, are cited in this opinion, which·
also displays, with much clearness,·the impolicy of the oppo-
site view. The commentator, with·reference to this case, and·
other decisions,·thus sums up the result: "The rule, there-
fore, which the Pennsylvania courts regard as the true one,·
and which, perhaps, on the whole is the wisest one, would·
seem·to·be·that nothing·short of an intention·expressed *in·*

*ipsis verbis*, to 'exclude' the soil of the highway, can exclude it."

And this doctrine, although it cannot be said to be sustained by the greatest number of decisions, is, I think, the one that ought to be adopted in this state. In our practice, in the conveyance of lots bounded by streets, the 'prevailing belief is, that the street to its centre is conveyed with the lot. Among the mass of the people it is undoubtedly supposed that the street belongs, as an appurtenance, to the contiguous property, and that the title to the latter carries with it a title to the former. This belief is so natural that it would not be easily eradicated. As a general practice, it would seem preposterous to sever the ownership to these several particles of property. Under ordinary circumstances, the thread of land constituting the street is of great value to the contiguous lots, and it is of no value separated from them. It would rarely occur that the vendee of a city lot would be willing to take it separated in ownership from the street, and it would as rarely occur that a vendor would desire to make such severance. In my own experience, I have never known such an intention to exist, and it is safe to say that whenever it does exist, the conditions of the case are peculiar.

And it is the very general notion that these two parcels of property are inseparably united, and pass as a whole by force of an ordinary conveyance, that accounts for the absence of any settled formula in general use for the description of city lots in a transfer of their title. Upon an examination of such conveyances, it would, I am satisfied, be disclosed that the utmost laxity in this respect prevails. The property conveyed is indiscriminately described as going to the street and running along it, or as going to one side of such street and thence running along such side. Such discriminations are not intentional, the purpose being to convey all the interest that the seller has in the property and in its belongings, and the mode of accomplishing this purpose is not the subject of attention, the street lot, as I have said, being regarded as a mere adjunct of the property sold, and worthless for any other use.

This being undeniably the practice and general understanding, to give a close and literal meaning to the descriptive terms employed in such instances would serve no useful purpose, but its tendency would be to defeat the object in view, and to call into life a vexatious litigation. The particular words should, in such transactions, be controlled and limited by the manifest intention which is unmistakably displayed in the nature of the affair and the situation of the parties. When the conditions of the case are altered, as if the vendor should, in a given case, have an apparent interest to reserve to himself the parcel of street in question, a different rule of interpretation might become proper. So if the abutting street referred to in a conveyance should be such only in contemplation, and should be contingent on the will of the vendor, the rule now adopted might not, and probably would not, be applicable. But where the street is an existing highway, or has been dedicated as such by the vendor, or in case, by the effect of his conveyance, he imposes on himself the obligation to devote the street to the public use, the rule then becomes the criterion by which the sense of the deed is to be ascertained.

The only case in our books that I deem entirely apposite to the present inquiry, is that of *Hinchman et al.* v. *Paterson Horse Railroad Co.*, 2 *C. E. Green* 75. The extreme fitness of this decision, as an authority at this time, does not appear upon reading the report of it; but I have looked at the original papers on file, and have found that in some of the deeds in that proceeding, the descriptions of the boundaries of the lots are not distinguishable from the one now under our view. Those lots were described as beginning at a fixed point on a designated side of the street, and thence along such designated side, &c., as in the present instance. The descriptive words, therefore, were clear, and if they were not overruled by the predominant presumption of intent arising out of the nature of the act done, it was impossible to hold that any part of the street passed to the vendee. But Chancellor Green did hold that the parcel in the street passed, saying:

" It is objected, by the defendant's answer, that the complainant's titles do not extend to the middle of the street, because the lots, as described, are *bounded by the sides of the streets.* But the established inference of law is, that a conveyance of land, bounded on a public highway, carries with it the fee to the centre of the road, as part and parcel of the grant."

I do not know how this decision is to be sanctioned, except upon the ground already marked out. I regard the case as directly in point, and it is unnecessary to say that it is of the highest authority.

The result to which I have come is, therefore, that this conveyance embraces the parcel of land in the street, for the reason that there are no express words of exclusion of such parcel.

The consequence is, the judgment of the court below should be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, DALRIMPLE, DEPUE, DIXON, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, GREEN, LILLY, WALES.    11.

*For reversal*—None.