[Civ. No. 20301. Second Dist., Div. Three. Feb. 3, 1955.]

BERTHA ZIV PINSKY et al., Appellants, v. HELEN
SLOAT et al., Respondents.

580

Paul D. Holland for Appellants.

Fred W. Chase for Respondents.

VALLÉE, J.—This suit involves the rights in and the title to a parcel of realty in the county of Los Angeles which was formerly a public highway.

On July 2, 1948, defendant Sloat by grant deed acquired title to three parcels of property. Parcel one consisted of Lot 1 and a part of Lot 2; parcel two consisted of Lots 24, 25, and a part of Lot 26; parcel three consisted of a part of Scherzinger Lane. The deed by which Sloat acquired title described the three parcels separately. The part of Scherzinger Lane so conveyed is the property in controversy. It was formerly a dead-end public street. On March 31, 1950, Sloat executed a deed of trust which described parcels one and two "as per map recorded in Book 137 Pages 6 and 7 of Maps, in the office of the County Recorder of said County [Los Angeles]." The map in the recorder's office showed Scherzinger Lane as a highway surrounded on three sides by parcels one and two. Plaintiffs were named as beneficiaries in the deed of trust. On March 7, 1952, plaintiffs on foreclosure of the deed of trust acquired title to the property described therein.

On February 2, 1937, prior to the execution of the deed of trust, the Board of Supervisors of the County of Los Angeles abandoned that part of Scherzinger Lane surrounded by parcels one and two. The part abandoned had never been "improved as a street for public use." A strip about 14 or 15 feet wide had been black-topped and paved by Sloat for convenience in getting to the house on parcel one. Sloat testified that she did not include Scherzinger Lane in the deed of trust. Since parcel three was abandoned it has been assessed and taxed separately, and the taxes have been paid by Sloat from the time she acquired title.

The court found that Sloat did not by the deed of trust convey parcel three, nor did she intend to do so; parcel three appears on the recorded map as a roadway surrounded on three sides by parcels one and two; a strip 11 feet wide in parcel three has been used as a roadway by plaintiffs for access to their home since they acquired title to parcels one and two; and defendants have interfered with and threaten to prevent plaintiffs' use of the 11-foot roadway. The judgment decreed that plaintiffs have an easement over the 11-foot roadway which is appurtenant to parcels one and two and enjoined defendants from interfering with plaintiffs' use of the easement. Plaintiffs appeal.

Plaintiffs' contention is that the conveyance by the deed of trust of parcels one and two as per the recorded map extended to the center line of Scherzinger Lane on which each parcel fronted, and that the fact that Scherzinger Lane had

been abandoned as a public street did not affect that title. The contention must be upheld.

A grant of land by lot, block or tract number, with reference to a map which shows that the property abuts on a highway generally conveys to the grantee the fee to the center of the highway. (11 C.J.S. 583, § 35c(1) (b); anno.: 2 A.L.R. 6, 17.) Plaintiffs, as ground for reversal, rely on this well-settled proposition of law and cite *Anderson* v. *Citizens Sav. etc. Co.,* 185 Cal. 386 [197 P. 113], and *Brown* v. *Bachelder,* 214 Cal. 753 [7 P.2d 1027].

In the deed before the court in *Anderson* v. *Citizens Sav. etc. Co., supra,* the property was conveyed to one Martin and was described by lot and block number on a subdivision map. The map showed that the lot was bounded by two streets, Grand and Vandal, each 60 feet wide. In 1898, while Martin was still the owner of the property and of the fee to half of the streets on which it abutted, the two streets, Grand and Vandal, were with Martin's consent abandoned as public streets by order of the board of supervisors of the county.

In 1911—that is, after the abandonment of the streets— Martin conveyed the property to one Lempertz by deed, likewise describing the property merely by its lot and block number according to the subdivision map. The plaintiff succeeded to any interest which remained in Martin. The defendant succeeded to the interest of Lempertz. The dispute was as to whether the deed from Martin to Lempertz operated to convey the 30-foot strips which were part of the adjoining streets as shown by the map. The court stated the controlling question thus (p. 392):

"Did or did not that deed, describing the property conveyed as lot so and so in block so and so as shown by a certain map, operate to convey the land in front of the lot to the center of the streets shown on the map, although such streets had been abandoned as public streeets? There can be no question but that the deed would so operate except for the circumstances that the streets had been abandoned, so that the question is, Does such abandonment change what would otherwise be the rule? . . ."

The court held (p. 392):

"In other words, where land is conveyed by a description which bounds it by a street, and the grantor is the owner of the fee in the street, as he is presumed to be, the real boundary line of the property is not the side line of the street but its center line. . . .

"A description of a lot as that shown on a certain map is a description of it as bounded by a street when the map shows it to be so bounded, so that to such a description the same reason and the same rule apply. [Citations.] Putting it in another way, the fee in the half of the street upon which the lot abuts is in fact a part of the lot, so that a conveyance of the lot conveys the fee in the street as a part of it.

"Such being the reason or theory of the rule it would seem that it should make no difference that there is in fact no public street there, provided the conveyance be one which describes the lot as bounded by a street. By such a description a street is created as between the grantor and the grantee, regardless of whether or not there is an existing dedication as between the grantor and the public. This is the settled law of this state. [Citations.] Under these decisions, there can be no question but that Lempertz, under her deed from Martin, which, in effect, described the property as fronting on the two streets in question, took the property as between herself and Martin as so fronting, whether there were public streets there or not. Such being the case, there would seem to be no reason for not applying as between them the rule that a conveyance of a lot bounded by a street carries the fee to the center of the street as a part of the lot. . . .

"[P. 394] The final question after all is one as to the intention of the parties, and it would seem not unreasonable to consider such a description as one of a lot bounded by what is now private property, although once a street, so that the real boundary was the line of that property. But it is to be noted that the description in this case is a description of the lot as shown by the map, and the map shows the street as existing and not as abandoned, so that by the description the boundary line of what is conveyed would normally be the center line of the street as shown. . . .

"[P. 396] We hold, then, that in the absence of any circumstances showing clearly that the parties intended otherwise, the deed by Martin to Lempertz describing the lot by reference to the map of the tract operated to convey as a part of the lot the fee in Martin to the center line of the streets which the map showed as bounding the lots, although such streets had been previously abandoned as public streets."

*Brown* v. *Bachelder, supra,* 214 Cal. 753, was a suit to quiet title to a strip of property 60 feet by 1340.46 feet delineated on a recorded map as a portion of Spring Street. The strip of

land was never opened or improved as a public street but remained enclosed in its original state by a fence. The plaintiff asserted ownership of the entire strip. The defendant asserted ownership of the southerly half of the strip and disclaimed any interest in the northerly half. The trial court decreed that the plaintiff was the owner of the northerly half and the defendant the owner of the southerly half. The plaintiff appealed. Affirming the judgment, the court stated (p. 755):

"From a consideration of the description in the deed through which defendant Bachelder claims title to the parcel to the south of the strip in controversy, we are impelled to the conclusion that said deed carried the title of Bachelder to the center line of said 60-foot strip. Section 1112 of the Civil Code provides as follows: 'A transfer of land bounded by a highway passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant.' . . . The owner and dedicator of the street in the instant case contemplated that it should be reserved to public use. In the event of an abandonment or failure to accept a dedication, a strip of land the width of a street can be of little use to the dedicator who has parted with title to all lands on both sides of the street, as was done by the original dedicator in the instant case, and it will not in such circumstances be presumed that he intended to retain the fee as a remnant of his private estate.

"*Anderson* v. *Citizens Sav. etc. Co.*, *supra*, is authority for the proposition that the presumption applies where at the time the conveyance is executed a dedication has not been completed by public user, or where the public use has been abandoned.

"In the case herein Bachelder's tract is described in the deed from Sproul, executed in 1878, as bounded on the west by the east side of East Avenue, and on the north by the south side of Spring Street. The south side of Spring Street is the south half thereof. By virtue of the presumption favoring a conveyance to the center line, a description of property as bounded by the south side of a street must be taken as carrying the title to the limit of the south side, which is the center line of the street. Had Sproul wished to exclude any portion of the strip marked as a street on the map, he no doubt would have adopted a description by metes and bounds

which would have excluded such strip from the parcel conveyed.''

As we read *Anderson* v. *Citizens Sav. etc. Co., supra,* 185 Cal. 386, it decides that where property is sold according to a map the grantee takes to the middle of a street designated on the map unless a contrary intention appears. (See also *Severo* v. *Pacheco,* 75 Cal.App.2d 30, 34-35 [170 P.2d 40].) *Sanchez* v. *Grace M. E. Church,* 114 Cal. 295 [46 P. 2], relied on by defendants, is not in point. That case was distinguished in *Anderson* v. *Citizens Sav. etc. Co., supra,* on the ground, among others, that the map in that case did not show the lane on which the lots abutted as a part of the subdivision tract.

The question here is: When the deed is definite, certain, and unambiguous on its face, is parol evidence admissible to vary the terms of the deed; and such evidence having been admitted on the trial of the action, may it be considered on review as supporting findings contrary to the express language of the deed?

The obvious implication in *Moody* v. *Palmer,* 50 Cal. 31, is that the contrary intention must appear in the deed. In that case the court instructed the jury to the effect that if the grantor conveyed the lands upon and bounded by a public highway, the fee to such lands extended to the middle of such street and passed to the adjoining grantee. The court stated (p. 36):

''It is well settled that land described in a deed as bounded by a public highway or street, will be considered as extending to the centre of the street or highway, unless it clearly appears that it was intended to make a side line instead of the centre line the boundary. The highway is a monument, and in legal contemplation the thread of the highway is the monument, unless a contrary intention clearly appears. That this is the rule is established by a multitude of authorities. But it is said that it clearly appears from the deeds in question that the side line and not the centre of Park Avenue and the cross-street was intended to be the boundary. . . .

''Public policy demands that deeds containing descriptions of this character shall be construed, if practicable, as including the land to the centre of the street; and the deed under discussion must be so interpreted.

''The abstract proposition, as set forth in the instruction given, was too broadly stated, in that it omits the qualification

to the general rule, to the effect that if it clearly appears that the side line, and not the centre line, of the highway was intended to be the boundary, the deed will be construed accordingly. But as applied to the deeds in question here, the omission could not have prejudiced the plaintiff, inasmuch as these do not, as we have seen, bring the case within the exception. It was for the court to construe the deeds, and it is clear they fall within the general rule, which is correctly stated in the instruction. The omission was therefore harmless.''

After quoting section 1112 of the Civil Code, the court in *Allan* v. *City & County of San Francisco*, 7 Cal.2d 642, observed (p. 646 [61 P.2d 1175]):

''Undoubtedly as to all the lots and blocks specifically described in said deeds by number, the deeds carried the title of the grantees to the center of the street in front of the land conveyed. . . .

''In construing the deeds from Hayes to Williams and Mayne, it will be observed that Hayes conveyed to these grantees all lots, blocks and parts of lots not theretofore sold by him. His intention was evidently to dispose of all his remaining interest in the Hayes Tract. No intention is to be found expressed in either of these deeds, on Hayes' part, to reserve to himself any interest in the streets as shown by the map of said tract.''

In *Almaden Vineyards Corp.* v. *Arnerich*, 21 Cal.App.2d 701, it is said (p. 704 [70 P.2d 243]):

''It is statutory that 'A transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, *unless a different intent appears from the grant.*' [Emphasis the court's.] (Civ. Code, § 1112.) The plaintiff's predecessor in interest, Charles Le Franc, executed a grant, bargain and sale deed to A. E. Davis so describing the above-mentioned parcels. The plaintiff does not call our attention to any language contained in the grant deed, and we can find none, showing 'a different intent.' The grantee, A. E. Davis, conveyed the parcels to the railway company. . . .

''The plaintiff asserts that the railway company has merely an easement. Its deed refutes the assertion. It owns the fee to the lands conveyed to A. E. Davis as his deed was a grant, bargain and sale conveyance of the lands conveyed.''

It has been held in other jurisdictions that an intention to exclude the part of the street to the center line must

appear on the face of the deed. (*Paul* v. *Carver*, 26 Pa. 223 [67 Am.Dec. 413]; *Salter* v. *Jonas*, 39 N.J.L. 469 [23 Am. Rep. 229].) It has also been held in other jurisdictions that parol evidence is not admissible to rebut the intention shown by the deed. (*Jacob* v. *Woolfolk*, 90 Ky. 426 [14 S.W. 415, 416, 9 L.R.A. 551]; *Bergan* v. *Cooperative Ice & Fuel Co.*, 41 Ind.App. 647 [84 N.E. 833, 835].)

Section 1856 of the Code of Civil Procedure provides:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases: [exceptions not pertinent here].

"But this section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in section eighteen hundred and sixty, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term agreement includes deeds and wills, as well as contracts between parties."

Section 1962 in part provides:

"The following presumptions, and no others, are deemed conclusive: . . .

"2. The truth of the facts recited, from the recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration. . . ."

Section 2077 in part provides:

"The following are the rules for construing the descriptive part of a conveyance of real property, when the construction is doubtful and there are no other sufficient circumstances to determine it: . . .

"4. When a road . . . is the boundary, the rights of the grantor to the middle of the road . . . are included in the conveyance, except where the road . . . is held under another title." Every grant of an estate in real property is conclusive against the grantor and everyone claiming under him, with exceptions not pertinent here. (Civ. Code, § 1107.) A grantor is estopped by his deed; he is not permitted to contradict it. ██ He is estopped to assert that his deed, if its terms are sufficiently comprehensive, did not convey his estate in the land described; and he cannot subsequently claim title thereto.

(*Taylor* v. *Avila,* 175 Cal. 203, 206 [165 P. 533]; 15 Cal. Jur.2d 608, § 204.)

So far as a deed is intended to pass a right, it is the exclusive evidence of the contract and the parties thereto are concluded by its terms. (*Rhine* v. *Ellen,* 36 Cal. 362, 371-372.) Where there is nothing ambiguous or uncertain in the terms of a deed it speaks for itself and the inquiry should be limited to what the words of the deed express without regard to any intention independent of those words. (*Joerger* v. *Pacific Gas & Electric Co.,* 207 Cal. 8, 30-33 [276 P. 1017]; *Taylor* v. *Avila,* 175 Cal. 203, 206 [165 P. 533]; *Riley* v. *North Star Mining Co.,* 152 Cal. 549, 556 [93 P. 194].)

The intention of the parties to a grant is to be gathered if possible from the language itself and is determined by a proper construction of the language used rather than by resorting to extrinsic evidence. (*Hartwig* v. *Central-Gaither Union School Dist.,* 200 Cal. 425, 427 [253 P. 733]; *Barnett* v. *Barnett,* 104 Cal. 298, 299-300 [37 P. 1049]; *Mitchel* v. *Brown,* 43 Cal.App.2d 217, 221 [110 P.2d 456]; *Mammoth Gold Dredging Co.* v. *Forbes,* 39 Cal.App.2d 739, 746 [104 P.2d 131].) A deed of trust has the same effect as a deed from the trustor would have had. (*Freelon* v. *Adrian,* 161 Cal. 13, 17 [118 P. 220].) After a deed is delivered its operative effect as a conveyance cannot be impaired by any subsequent act or declaration of the grantor. (*Rocha* v. *Rocha,* 197 Cal. 396, 405 [240 P. 1010]; *Driscoll* v. *Driscoll,* 143 Cal. 528, 536 [77 P. 471].) Where the language of a deed is plain, certain, and unambiguous, the surrounding facts and circumstances will not be considered. (*Riley* v. *North Star Mining Co.,* 152 Cal. 549, 556 [93 P. 194]; 26 C.J.S. 345, § 92.)

Parol evidence is not admissible to add to, detract from, or vary the terms of a deed. (*Martin* v. *Holm,* 197 Cal. 733, 742 [242 P. 718]; *Yuba Inv. Co.* v. *Yuba Consol. G. Fields,* 184 Cal. 469, 474-478 [194 P. 19]; *Fitzgerald* v. *County of Modoc,* 164 Cal. 493 [129 P. 794, 44 L.R.A.N.S. 1229].)

The estate granted by a deed cannot be limited or qualified by oral testimony. (*Security-First Nat. Bank* v. *Leatart,* 75 Cal.App.2d 211, 215 [170 P.2d 687]; *Lewis* v. *Brown,* 22 Cal.App. 38, 42-43 [133 P. 331].) The operation of a deed cannot be defeated by parol evidence of an intention on the part of the grantor that it should have an effect different from that apparent on its face. (*Hebert* v. *Miller,* 94 Cal.App.

2d 211, 214 [210 P.2d 251]; *Security-First Nat. Bank* v. *Leatart, supra,* 215.)

The parol evidence rule is not a rule of evidence but is one of substantive law. As applied to contracts, the rule is that as a matter of substantive law the act of embodying the complete terms of an agreement in writing becomes the contract of the parties. As a matter of law, the writing is the agreement. Extrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself.

The rule is operative when there is a single and final memorial of the understanding of the parties. (*Estate of Gaines,* 15 Cal.2d 255, 264-265 [100 P.2d 1055]; *Nourse* v. *Kovacevich,* 42 Cal.App.2d 769, 771 [109 P.2d 999]; *O'Melia* v. *Adkins,* 73 Cal.App.2d 143, 148 [166 P.2d 298]; *Lifton* v. *Harshman,* 80 Cal.App.2d 422, 432 [182 P.2d 222].)

Parol evidence, though admitted without objection, must be ignored as of no legal import, and its incompetency to vary a written contract is a matter of law. (*Lifton* v. *Harshman, supra.*)

Section 1112 of the Civil Code specifically says that a transfer of land, bounded by a highway, passes the title of the grantor to the center of the highway *"unless a different intent appears from the grant."* (Italics added.) The words "unless a different intent appears from the grant" were added by amendment of 1873-1874 at the recommendation of the Examiners of the Codes. (Stats. 1873-1874, ch. 612, Amendments to the Codes, 1873-1874, p. 225, § 133, Report of the Examiners of the Codes, 1874, p. 42.) *Anderson* v. *Citizens Sav. etc. Co., supra.* 185 Cal. 386, holds that the same rule applies to an abandoned highway when the description is by reference to a recorded map showing the property conveyed as fronting on the abandoned highway. The description in the deed of trust in the present case is complete, clear, definite, certain, and unambiguous. There is no room for interpretation. Defendant Sloat was the owner of the fee in the street. The deed of trust described the property conveyed as fronting on three sides of a roadway—Scherzinger Lane. The boundary line of what was conveyed on each side of the lane was the center of the roadway. The description covered all of Scherzinger Lane that is in controversy. The deed of trust is the exclusive evidence of the property conveyed and defendants are concluded by its terms. Defendant Sloat is estopped to

assert that it did not convey the property described. Its operative effect cannot be impaired by the fact that subsequent to its execution she paid taxes on the roadway. In doing so, she was a mere volunteer. The fact that a person who pays taxes on another's property does so in the belief that she is its owner does not change the fact that she acts as a volunteer. (*Dinkins* v. *Lamb*, 108 Cal.App.2d 175, 179 [238 P.2d 630].) The evidence, other than the deed of trust and the recorded map, was inadmissible and must be ignored.

 We conclude, on the evidence in which there is no conflict, that plaintiffs are the owners and entitled to the possession of the property referred to as part of Scherzinger Lane and that defendants have no right, title, or interest therein.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.