[Civ. No. 68283. Second Dist., Div. Two. May 1, 1984.]

LILLIAN SCHWENN, Plaintiff and Appellant, v.
RICHARD KAYE et al., Defendants and Respondents.

COUNSEL

Arthur D. Guy for Plaintiff and Appellant.

Fischer & Hill and Dennis A. Fischer for Defendants and Respondents.

OPINION

**COMPTON, J.**—Plaintiff in this action to quiet title to oil royalties appeals from the judgment entered in favor of defendants. We affirm.

Plaintiff Lillian Schwenn acquired real property in Long Beach in 1965. The property was generating oil and gas royalties pursuant to a lease with Atlantic Richfield Company (not a party to this appeal).

In 1969, plaintiff conveyed the oil and gas royalties as a gift to her daughter and son-in-law by grant deed which was duly recorded.

In 1974, plaintiff sold the real property to defendants Richard and Johanna Kaye. Neither the written offer to purchase nor the original escrow instructions made any mention of oil and gas rights, royalties or leases.

During the escrow, the preliminary title report revealed that the property was subject to the oil and gas lease, but for unexplained reasons did not reveal the 1969 conveyance of the rights in the oil and gas lease. As a result of the indication regarding the lease, an amendment to escrow was signed by plaintiff's agent to the effect that such lease would be "assigned, if assignable," (presumptively to the Kayes) after the close of escrow.[1]

After escrow closed, Atlantic Richfield was notified of the sale and thereafter sent royalty payments to the defendants. When plaintiff complained to Atlantic Richfield that the payments belonged to her daughter and son-in-law, she was told that no further royalties would be paid without a court order determining who was entitled to the royalty payments.

In anticipation of litigation, plaintiff asked her daughter and son-in-law to reconvey the oil and gas rights to her. Plaintiff's explanation for this request was that she did not want them to be involved in litigation over a gift she had made to them.

After a court trial, title was quieted in favor of defendants Kaye on the basis of the doctrine of after-acquired title. This common law doctrine was codified in Civil Code section 1106 which provides: "Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title, or claim of title thereto, the same passes by operation of law to the grantee, or his successors."

■ The thrust of plaintiff's argument on appeal is that she mistakenly allowed the doctrine of after-acquired title to govern this case when she asked her daughter to reconvey the oil and gas rights to her. Plaintiff contends that she never intended such a result and therefore, her true intent ought to have been considered by the court and equitable principles applied in order to preserve her family's interest in the royalties. We disagree. Such a result would be contrary to the law and to the policy underlying the doctrine of after-acquired title.

Civil Code section 1106 has as its genesis the common law doctrine of estoppel by deed. ■ That doctrine generally precludes a grantor of real property from asserting, as against the grantee, any right or title in derogation of the deed. (6A Powell, The Law of Real Property (1982) [¶] 927, p. 84-112.) The policy behind the doctrine is to protect an unwitting grantee who relies upon the good title of the grantor when the latter does not possess

---

[1] In considering the equities, as plaintiff requests us to do, the evidence is susceptible of the inference that plaintiff was actively concealing from defendants the fact that she had already conveyed the oil and gas rights. She knew the lease was not assignable by her and she obviously didn't intend to reacquire it in order to "assign" it to defendants.

legal or perfect title to the property. (*Ibid* at p. 84-111; *Cecil* v. *Gray* (1915) 170 Cal. 137, 140 [148 P. 935]; *Younger* v. *Moore* (1909) 155 Cal. 767, 774 [103 P. 221]; *Warburton* v. *Kieferle* (1955) 135 Cal.App.2d 278, 284 [287 P.2d 1]. See 2 Miller & Starr, Current Law of Cal. Real Estate (1977) Deeds, § 14:56, p. 587.)

The net effect is the same as if the grantor specifically provided in the deed that he conveyed all of the title and estate which he then possessed or which he might at any time thereafter acquire. (See 6A Powell, *op. cit. supra*, at p. 84-112.)

■ In the case at bench, plaintiff delivered a grant deed into escrow. The operative language was typical of fee simple grant deeds: "LILLIAN SCHWENN, A WIDOW hereby GRANTS TO RICHARD KAYE AND JOHANNA KAYE, HUSBAND AND WIFE AS JOINT TENANTS the following described real property . . ." No reservation of rights or other limiting language appeared in the deed. A fee simple title is presumed to pass by a grant of real property, unless it appears *from the grant* that a lesser estate was intended. (Civ. Code, § 1105; italics added.) Grant deeds are to be interpreted like contracts (Civ. Code, § 1066). The essential element of a grant deed which unquestionably transfers an after-acquired title is the word "grant." (*Klamath Land & Cattle Co.* v. *Roemer* (1970) 12 Cal.App.3d 613 [91 Cal.Rptr. 112].)

Application of these general principles to the facts of the instant case make it clear that plaintiff granted defendants' fee simple title to the property including any oil and gas rights and the royalties attendant thereto. The fact that she had previously deeded away the oil and gas rights did not invalidate the subsequent grant deed, but probably would have subjected her to liability for breach of an implied covenant (Civ. Code, § 1113) had she not later reacquired the rights.

When plaintiff subsequently acquired title to the oil and gas rights, the title passed to the defendants by operation of law, thereby obviating the need for bringing an action for breach of covenant.

Plaintiff's argument that the trial court erred in excluding parol evidence of her intent is none too clear. It is patently clear, however, that any reason she had for reacquiring the oil and gas rights is simply irrelevant. The applicability of the common law doctrine or Civil Code section 1106 does not depend on the grantor's motive in reacquiring the property. ■ Moreover, parol evidence is not admissible to add to, detract from or vary the terms of a deed. *Pinsky* v. *Sloat* (1955) 130 Cal.App.2d 579, 588-589 [279 P.2d 584]; *White* v. *State of California* (1971) 21 Cal.App.3d 738, 757 [99 Cal.Rptr. 58].

Where the language of a deed is plain, certain and unambiguous the surrounding facts and circumstances will not be considered. The intention of the parties is, where possible, to be determined from the language of the deed itself rather than by resort to extrinsic evidence. (*Ibid.*)

The language in both deeds is unmistakeably clear. Under such circumstances, parol evidence was properly excluded.

 If plaintiff's argument is that she never intended to grant the oil and gas rights to defendants in the original grant deed, this argument also is of no avail. Plaintiff did not plead a cause of action for reformation of the deed to the Kayes and in fact at oral argument plaintiff's counsel specifically eschewed any such desire.

In essence plaintiff's argument is simply that because defendants were aware of the lease from the title report and the above mentioned amendment to the escrow instructions and because defendants had constructive notice of the assignment of the lease by plaintiff to her children, defendants had no reasonable expectation of receiving the oil and gas rights.

The argument further is that because of defendants' efforts in obtaining the royalty payments from Arco, plaintiff was led to believe, mistakenly, that she needed to reacquire the title in order to have standing to litigate the issue.

From this rather convoluted argument, plaintiff extrapolates that equity should shield her from her mistaken belief by raising an estoppel against defendants invoking the effect of Civil Code section 1106.

As we have previously pointed out, the grant deed clearly indicates that plaintiff purported to grant the oil and gas rights even though she did not, at that time, hold title to them.

The trial court's finding that defendants, because of the recordation, had constructive notice of plaintiff's prior transfer is of no consequence since the doctrine of after-acquired title applies even if the grantee had knowledge of the deficiency. (2 Miller & Starr, Current Law of Cal. Real Estate, Deeds, § 14:56, p. 588.)

In summary plaintiff has not sought reformation nor in fact any special interpretation of the two critical documents. Her intent in either instance was never at issue. Both documents accomplished their intended purpose, to wit, the transfer of certain described property interests.

The fact that the deed which retransferred the oil and gas rights to plaintiff effected a legal result which plaintiff did not desire was not attributable to any interpretation of the document itself.

Hence the "parol" evidence which plaintiff sought to introduce was simply that in procuring the retransfer, her motive was to *assert her rights* to the oil and gas royalties and not to benefit defendants—a totally irrelevant consideration.

The record is devoid of any basis for raising an estoppel against defendants. Nor is there any indication that defendants are being unjustly enriched.

Defendants gained the royalty rights in a perfectly legal manner. They secured title to those rights by virtue of a law designed for cases just like this. The fact that plaintiff would not have reacquired the oil and gas rights had she known the legal consequences thereof, does not alter the fact that the parties entitled to those rights under the grant deed were defendants.

The judgment is affirmed.

Roth, P. J., and Gates, J., concurred.